**BOWE et al. v. JUDSON C. BURNS,
Inc., et al.**

**No. 2426 Civil.**

District Court, E. D. Pennsylvania,
Sept. 17, 1942.

746

Louis Lipschitz and I. H. Rothenberg, both of Philadelphia, Pa., for complainants.

William A. Gray, of Philadelphia, Pa., for defendants.

KALODNER, District Judge.

The complainants were at one time employees of the defendant, Judson C. Burns, Inc. In 1938 they filed a complaint in the Federal Court against that corporation (not the present complaint) under the provisions of the Fair Labor Standards Act of 1938, as amended, c. 676, Sec. 1 et seq., 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., alleging that they had been required to work in excess of the maximum number of hours stipulated in the Statute without being paid the compensation required therein.

Subsequently, the same complainants filed the present complaint, setting forth that after the first suit had been instituted the defendants named herein (including the corporation Judson C. Burns, Inc., its president, and the members of the defendant labor organization, Local Union No. 107) had conspired together to force the complainants to withdraw the prior suit by threats and coercion; and that the said defendants had also ultimately brought about the discharge of the complainants from their employment with the corporation Judson C. Burns, Inc., and the expulsion of the complainants from Local Union No. 107 because the suit was not withdrawn. Among other things the relief prayed for includes a request for an injunction.

Thereupon, Local No. 107 filed this motion to dismiss upon the following grounds:

(a) The complaint fails to show that the complainants were engaged in interstate commerce;

(b) The case upon its facts comes under the Norris-LaGuardia Act, since it involves a labor dispute and the complaint is defective because it does not show that the complainants have complied with the requirements of the Norris-LaGuardia Act.

(c) The Fair Labor Standards Act does not under these circumstances allow an injunction to be issued against the labor organization.

As to the defendant's first contention:

I stated at the hearing of this case that the failure to show that the complainants themselves, as distinguished from their employer, were engaged in interstate commerce, is at most a formal and amendable defect, and that I would not dismiss upon that ground. I adhere to that position now.

As to the defendant's second contention:

I do not agree with the moving defendant's second contention, to wit, that an injunction may not issue against it (Local No. 107) because there has been no compliance with the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq.

The complainants have admitted that they have not complied with the requirements of that Act. The only question left, therefore, is whether or not a labor dispute is involved here insofar as Local No. 107 is concerned. If it is, the complaint must fall, at least with regard to Local No. 107. If no labor dispute is involved with regard to Local No. 107, then the com-

plaint based upon that ground remains valid.

It becomes necessary to analyze the relevant provisions of the Norris-LaGuardia Act. The language relied upon by the moving defendant is as follows (29 U.S.C.A. § 113): "(c) The term 'labor dispute' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee."

An analysis of the section just quoted militates against the contention of the moving defendant.

As between the complainants and the labor union, there was no controversy "concerning terms or conditions of employment". The labor union did not employ the complainants, consequently there could be no dispute between them concerning its terms or conditions.

Moreover, there was no dispute between the complainants and their employer Judson C. Burns, Inc., "concerning terms or conditions of employment". This is not a case where the employees demanded a higher rate of pay and were refused, or where the employer insisted upon a lower rate of pay. The terms and conditions of employment between the complainants and their employer were fixed. They worked for a settled wage. Assuming that the complainants were employed in interstate commerce, the law fixed certain overtime compensation for them. They worked overtime but were not paid the overtime rate. A Federal statute was violated (assuming that all these facts are true). They sued in this court to recover. This is not a labor dispute within the meaning of the Norris-LaGuardia Act. The case is the same as if the complainants had not worked overtime but had simply worked the normal number of hours per week and the employer had failed to pay them their wages. The bringing of an action by the complainants to recover their wages could hardly be called a "labor dispute" as the term is used in the Norris-LaGuardia Act.

There was, therefore, no "labor dispute" concerning "terms or conditions of employment", either between the complainants and Local No. 107, or between the complainants and their employer Judson C. Burns, Inc.

Passing to the remainder of Section 113(c) quoted above:

Was there any controversy "concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment * * *." ?

Obviously not. So far as the complaint is concerned, there is no controversy between or among anybody concerning an "association or representation of persons in negotiating * * *" etc., terms or conditions of employment. That situation simply does not exist here.

Since no facts in this case fall within the definition of the term "labor dispute" as defined in the Norris-LaGuardia Act, Section 113(c), it must be concluded that no labor dispute is involved here. Hence the complainants are under no obligation to comply with the requirements of the Norris-LaGuardia Act, and consequently there is no defect in the complaint on that score.

I may state in passing that the case does not seem to fall within any acceptable rationale of the Norris-LaGuardia Act. That statute was passed to render labor organizations immune under certain circumstances from court injunctions—generally speaking, in cases where disputes arose between organized labor on the one hand and an employer or employers on the other. In the present case, if the allegations of the complaint are to be taken as true, a labor union is charged with acting against the interests of one of its members. I do not think that such a situation was ever meant by the Congress to fall within the provisions of the Norris-LaGuardia Act.

The Supreme Court of the United States has but recently said in Columbia River Packers Association, Inc., v. Hinton et al., 315 U.S. 143, 146, 62 S.Ct. 520, 522, 86 L. Ed. —, decided February 2, 1942: "We recognize that by the terms of the statute [Norris-LaGuardia Act] there may be a 'labor dispute' where the disputants do not stand in the proximate relation of employer and employee. But the statutory classification, however broad, of parties and circumstances to which a 'labor dispute' may relate does not expand the application of the Act to include controversies upon which the employer-employee relationship has no bearing."

▮ I believe, however, that the moving defendant's third point is well taken. It is my opinion that under the facts of this case the labor union (not itself an employer) cannot be made a party for injunctive relief against it.

The relevant provisions of the Fair Labor Standards Act are as follows:

Section 3, 29 U.S.C.A. § 203:

"(a) 'Person' means an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons.

\*    \*    \*    \*    \*    \*

"(d) 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee but shall not include the United States or any State or political subdivision of a State, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization."

Section 15, "Prohibited acts" (29 U.S.C.A. § 215):

"(a) After the expiration of one hundred and twenty days from the date of enactment of sections 201–219 of this title, it shall be unlawful for any person—

"(1) to transport, offer for transportation, ship, deliver, or sell in commerce, or to ship, deliver, or sell with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods in the production of which any employee was employed in violation of section 206 or section 207, or in violation of any regulation or order of the Administrator issued under section 214; except that no provision of this chapter shall impose any liability upon any common carrier for the transportation in commerce in the regular course of its business of any goods not produced by such common carrier, and no provision of this chapter shall excuse any common carrier from its obligation to accept any goods for transportation;

"(2) to violate any of the provisions of section 206 or section 207, or any of the provisions of any regulation or order of the Administrator issued under section 214;

"(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to sections 201–219 of this title, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee;

"(4) to violate any of the provisions of section 212;

"(5) to violate any of the provisions of section 211(c), or to make any statement, report, or record filed or kept pursuant to the provisions of such section or of any regulation or order thereunder, knowing such statement, report, or record to be false in a material respect.

"(b) For the purposes of subsection (a) (1) proof that any employee was employed in any place of employment where goods shipped or sold in commerce were produced, within ninety days prior to the removal of the goods from such place of employment, shall be prima facie evidence that such employee was engaged in the production of such goods. June 25, 1938, c. 676, § 15, 52 Stat. 1068."

Section 16, "Penalties" (29 U.S.C.A. § 216), provides in subdivision (a) for criminal penalties for " * * * any person who willfully violates any of the provisions of section 15 [215] * * *."

Section 16(b) provides for civil liability for liquidated damages in amount equal to the proper double wages against " * * * any employer who violates the provisions * * *" relating to minimum wages and maximum hours.

Section 17, 29 U.S.C.A. § 217, confers jurisdiction upon the Federal district courts to restrain violations of Section 15.

It is the plaintiff's contention that since, under Section 3(a), a "person" may be "any organized group of persons", that the Union, as an "organized group of persons", is subject to the relief available under the Act, even though it is not an employer—because the Act itself, after defining "person", continues in Section 3(d) to define the term "employer" as "any person".

Such a contention is in patent disregard of the language of the Act. Section 3(d), in defining "employer", states: " 'Employer' includes any person acting directly or indirectly in the interests of an employer in relation to an employee but shall not include * * * any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization." Here the Union was not acting as an "employer" and the acts performed by the defendant

officers, agents, etc., of the Union were performed in their capacity of "officer or agent" of the Union. Further, the word "person" as used in Section 15 refers to "employer" violators.

■ The Act was never intended to enlarge the jurisdiction of this Court to give an employee relief therein against "persons" not specified in Section 15. If the employee has any grievance against such other "person" he may avail himself of the proper tribunal to obtain relief.

■ It may further be noted that Section 16(b) of the Act, dealing with civil liability of violators, specifically provides for "any employer who violates * * *" etc. This emphasizes the Congressional intent to limit civil remedies against employers only.

For the reasons stated, the complaint is therefore dismissed as to the Union, its officers, agents and members.