BOWE et al. v. JUDSON C. BURNS,
Inc., et al.

No. 8177.

Circuit Court of Appeals, Third Circuit.

Argued Mar. 18, 1943.
Decided May 6, 1943.

Rehearing Denied June 18, 1943.

Thomas D. McBride, of Philadelphia, Pa. (Louis Lipschitz, of Philadelphia, Pa., on the brief), for appellants.

William A. Gray, of Philadelphia, Pa., for appellees.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The plaintiffs were employees of the defendant, Judson C. Burns, Inc., and were members of the defendant, Highway Truck Drivers & Helpers Local Union No. 107. In March, 1942, they instituted the suit at bar and named as defendants their former employer, Judson C. Burns individually and as president of Judson C. Burns, Inc., the union, certain officers of the union and its members.

In February, 1942, the plaintiffs brought a suit in the District Court of the United States for the Eastern District of Pennsylvania against their employer alleging that they had been required to work in excess of the maximum number of hours stipulated in the Fair Labor Standards Act of

1938, as amended, Act of June 25, 1938, c. 676, Sec. 1 et seq., 52 Stat. 1060, 29 U.S. C.A. § 201 et seq., without being paid compensation as required by the Act. On March 5, 1942, the plaintiffs brought another action in the court below alleging that after they had started the proceeding first referred to, the employer and the union, through its officers, had entered into a conspiracy to force the plaintiffs to abandon the suit; that they were threatened with expulsion from the union and with discharge by their employer; that despite these threats, the plaintiffs refused to abandon their suit, and that thereupon their employer discharged them and the union expelled them. The plaintiffs allege also that the actions of the employer and of the union have prevented them from securing other employment.

The plaintiffs seek to recover wages and liquidated damages and to restrain all the defendants from interfering with the prosecution of the suit filed in February, 1942. They desire also to restrain their employer and Judson C. Burns individually from dismissing them "from employment" or otherwise discriminating against them in violation of the Fair Labor Standards Act. They desire also to compel the union and its officers to reinstate them as members of the union in good standing. The plaintiffs pray also for an order restraining all the defendants from further carrying on the conspiracy described in the complaint.

The employer and its president filed an answer but the union and its officers moved to dismiss the complaint. The union and its officers contend that the complaint fails to allege that plaintiffs were engaged in interstate commerce; that the issues involve a labor dispute within the provisions of the Norris-LaGuardia Act, Act of March 23, 1932, c. 90, Secs. 1–15, 47 Stat. 70–73; 29 U. S.C.A. §§ 101–115, and, therefore, since the plaintiffs have failed to allege their compliance with the provisions of that act, they cannot maintain their suit. Finally, the union and its officers contend that the Fair Labor Standards Act of 1938 does not permit the issuance of an injunction against a labor organization under the circumstances of the case at bar.

The court below held the first and second grounds asserted by the motion to be invalid, but concluded that the last reason asserted for dismissal was good. The court held that under the Fair Labor Standards Act injunctive relief could be granted only against an employer, and since the union is not an employer, the complaint should be dismissed as to it, its officers and members. See D.C., 46 F.Supp. 745. The appeal at bar followed.

The plaintiffs charge that the defendants have violated the provisions of Section 15(a) of the Fair Labor Standards Act, 29 U.S.C.A. Sec. 215(a), which provide, "* * * it shall be unlawful for any person * * * (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to (the Fair Labor Standards Act), or has testified or is about to testify in any such proceeding, * * *." Section 3 of the Act, 29 U.S.C.A. § 203(a), defines "person" as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." From the literal language of the statute it would seem that the definition of a person is broad enough to include a labor union as well as any other individual, corporation or organization. The appellee contends, however, that since Section 3(d), 29 U.S.C.A. § 203(d) provides that the word " 'Employer' * * * shall not include * * * any labor organization (other than when acting as an employer) * * *,", the word "person" cannot include a union unless the union comes into the case as an employer. This contention is untenable.

The framers of the Act wished to preserve the rights of labor unions and not to permit the Act to be used to interfere with the internal affairs of a union or the right of a union to discipline its members. The Act is carefully drawn and every term is used as a term of art. Legislative intent must be drawn from the Act as a whole. Those portions of the Act (Sections 6 and 7, 29 U.S.C.A. §§ 206 and 207) relating to wages and to hours do apply only to employers. The prohibitions expressed in Section 15, 29 U.S.C.A. § 215, however, are applicable "to any person". Section 15(a) (3) makes it unlawful for "any person", an employer, to discharge an employee and for "any person", whether or not he is an employer, to discriminate against any employee. Section 16(a), 29 U.S.C.A. Sec. 216(a), provides that "any person" who wilfully violates Section 15 may upon conviction be subject to fine and imprisonment. Subsection (b) of Sec-

tion 16 provides that an "employer" who violates the wage and hour sections of the Act (Sections 6, 7) shall be liable to the employee affected for unpaid wages and for damages. The congressional intent is very plain and the pattern of the statute is perfect.

■ We conclude, therefore, that the term "any person" used in Section 215 is broad enough to include a union, its officers and members and that the conclusion of the court below upon this point was erroneous.

■ The decision will be sustained, however, upon a ground not referred to in the opinion of the court below or in the briefs of the parties. Section 17, 29 U. S.C.A. § 217, gives jurisdiction to the district courts of the United States of suits to restrain violations of the provisions of Section 15 of the Act, but Section 11(a), 29 U.S.C.A. § 211(a), states "Except as provided in Section 12 of this Act (relating to child labor), the Administrator shall bring all actions under section 17 * * * to restrain violations of sections 1-19 * * *." We think it is plain from this language that the right of the administrator to bring an action for injunctive relief is an exclusive right. Employee actions may be maintained only under Section 16(b) to recover back wages and liquidated damages. We conclude therefore that the court below may not restrain the defendants as sought by the plaintiffs.

■ The plaintiffs pray that they may be reinstated as members of the union in good standing. This is the obverse of the prohibition of discharge or discrimination embodied in Section 15(a) (3) of the Act. To grant this prayer of the plaintiffs would require the court below to issue a mandatory injunction.[1] In view of the provision of Section 11(a) which we have referred to we think that the court below may not order the union to reinstate the plaintiffs. Such relief would be substantially the equivalent of relief based on Section 15(a) (3) to be given by a district court on the application of the administrator under Section 11(a). Since jurisdiction in the case at bar is based solely on the provisions of Section 17 of the Act, it follows that the order of the court below must be affirmed, though upon different grounds.

In view of the limitations imposed upon the actions at bar by virtue of the provisions of the Fair Labor Standards Act, it is unnecessary to determine the question of whether the provisions of the Norris-LaGuardia Act would prevent the plaintiffs from maintaining their suit.

---

[1] Courts, upon occasion in the exercise of their discretion, have intervened in the internal affairs of labor unions, though they have been reluctant to do so. See Notes (1942) 51 Yale L.J. 1372, (1936) 45 Yale L.J. 1248.