**In re Samuel PICCININI, individually and doing business as Rochester Coal, Trucking and Contracting Co.**

Civ. A. No. 61–344.

Crim. No. 63–225.

United States District Court
W. D. Pennsylvania.

March 19, 1964.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., Charles Donahue, Sol., James M. Miller, Counsel for Regional Litigation, Ernest N. Votaw, Regional Atty., Marshall H. Harris, Deputy Regional Atty., for plaintiff.

James C. Evans, Pittsburgh, Pa., for defendant.

**ROSENBERG, District Judge.**

A motion was here presented by the United States, plaintiff, to strike the demand for a jury trial made by the defendant in the above entitled case. This action originated at Civil Action No. 61–344 wherein the plaintiff brought suit to enjoin the defendant from violating the provisions of § 15(a) (2) and § 15(a) (5) of the Fair Labor Standards Act of 1938, as amended.[1]

On June 13, 1961, the parties stipulated to a consent verdict. Subsequently, on July 29, 1963, the plaintiff petitioned for the prosecution of the defendant for civil and criminal contempt because the plaintiff alleged that the defendant willfully failed to comply with the terms and conditions set forth in the said consent decree. An order to show cause was issued on the petition by another member of this Court. On September 16, 1963, the defendant filed his answer to the plaintiff's petition setting forth various defenses and in his answer the defendant demanded a jury trial. The plaintiff then filed its motion to strike this jury trial demand. The question here is whether or not a jury trial for such a proceeding is a matter of right in the parties.

It is clear that the defendant bases his right to a jury trial not upon basic and fundamental constitutional grounds but because, he asserts, that this case is controlled by Title 18 U.S.C.A. § 3692, which reads as follows:

"Jury trial for contempt in labor dispute cases. In all cases of con-tempt arising under the laws of the United States governing the issuance of injunctions or restraining orders in any case involving or growing out of a labor dispute, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the con-tempt shall have been committed.

"This section shall not apply to contempts committed in the presence of the court or so near thereto as to interfere directly with the administration of justice nor to the misbehavior, misconduct, or disobedience of any officer of the court in respect to the writs, orders or process of the court. June 25, 1948, c. 645, 62 Stat. 844."

The defendant contends that, since the complaints involved in this case concern unpaid overtime wages that the government imposes itself into the bargaining process on behalf of the employees; thus there is involved here a labor dispute, as generally defined in the labor statutes. Therefore, Title 18 U.S.C.A. § 3692 must be applied.

After due consideration of the oral arguments, the briefs filed, the statutes involved and an examination of the record, I must conclude that the statute upon which the defendant relies has no application in the instant case. Further, the defendant here unduly limits the real purpose of the Fair Labor Standards Act and in so doing mis-interprets the government's role.

In this case, the government becomes involved not as a bargaining agent for unorganized workers. It functions here

---

1. 29 U.S.C.A. "§ 215. Prohibited acts; prima facie evidence

"(a) After the expiration of one hundred and twenty days from June 25, 1938, it shall be unlawful for any person—

"(2) to violate any of the provisions of section 206 or section 207 of this title, or any of the provisions of any regulation or order of the Administrator issued under section 214 of this title;

"(5) to violate any of the provisions of section 211(c) of this title, or any reg-ulation or order made or continued in effect under the provisions of section 211(d) of this title, or to make any statement, report, or record filed or kept pur-suant to the provisions of such section or of any regulation or order there-under, knowing such statement, report, or record to be false in a material re-spect." June 25, 1938, c. 676, § 15, 52 Stat. 1068; Oct. 26, 1949, c. 736, § 13, 63 Stat. 919.

for a different reason. The declared purpose of the Fair Labor Standards Act is expressed in these words:

> "The Congress finds that the existence, in industries engaged in commerce or in the production of goods for commerce, of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers * * (4) leads to labor disputes burdening and obstructing commerce and the free flow of goods in commerce." [2]

Subsection (b) further states the policy of the Act to be as follows:

> "It is declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several States and with foreign nations, to correct and as rapidly as practicable to eliminate the conditions above referred to in such industries without substantially curtailing employment or earning power."

Therefore, the Government aims here for social justice by promoting the common good.

Title 18 U.S.C.A. § 3692 which gives an accused the right to a jury trial in labor disputes is based upon Title 29 U.S.C.A. § 111 of the Norris-LaGuardia Act. Titles 29 U.S.C.A. § 113(c) and 29 U.S.C.A. § 152(9) define "labor dispute" as follows:

> "The term 'labor dispute' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee."

■ The responsibility of an employer to keep adequate records, to pay minimum wages, or to pay proper overtime wages to employees properly entitled under the Fair Labor Standards Act is not related to employer-employee negotiations or their disputes. It is a matter between the government and those employers who violate a statute which promotes the general welfare of the public.

In a somewhat similar case, Judge Kalodner, now Judge of the Court of Appeals for the Third Circuit, discussed the meaning of "labor dispute" and its use in the Norris-LaGuardia Act, in Bowe v. Judson C. Burns, Inc., D.C., 46 F.Supp. 745, 747 (1942); affirmed 137 F.2d 37, C.A. 3, 1943 (on other grounds). In distinguishing between a complaint filed under the Fair Labor Standards Act and a "labor dispute" under the Norris-LaGuardia Act, Judge Kalodner pointed out:

> " * * * there was no dispute between the complainants and their employer Judson C. Burns, Inc., 'concerning terms or conditions of employment'. This is not a case where the employees demanded a higher rate of pay and were refused, or where the employer insisted upon a lower rate of pay. The terms and conditions of employment between the complainants and their employer were fixed. They worked for a settled wage. Assuming that the complainants were employed in interstate commerce, the law fixed certain overtime compensation for them. They worked overtime but were not paid the overtime rate. A Federal statute was violated (assuming that all these facts are true). They sued in this court to recover. This is not a labor dispute within the meaning of the Norris-LaGuardia Act. The case is the same as if the complainants had not worked overtime but had simply worked the normal number of hours per week and the employer had failed to pay them their wages. The bringing of an action

2. June 25, 1938, c. 676, § 2, 52 Stat. 1060; October 26, 1949, c. 736, § 2, 63 Stat. 910.

by the complainants to recover their wages could hardly be called a 'labor dispute' as the term is used in the Norris-LaGuardia Act."

The matter complained of in this case involves alleged violations of federal mandatory minimum living standards prescribed by Congress to further the general health and well-being of persons, who happen to be employees. It definitely is not embraced in the Norris-LaGuardia Act, nor the Labor Management Relations Act of 1947[3] nor any other legislation giving rise to rights of either employees or employers against the other. 18 U.S.C.A. § 3692 is a remedy relating solely to enforcement rights of employees and employers as against each other. It does not relate to the government as a party in any event.

Accordingly, the plaintiff's motion to strike the defendant's demand for jury trial will be allowed.