James P. MITCHELL, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

BARBEE LUMBER COMPANY, Inc., a
Corporation, and J. G. Barbee,
Defendants,

W. Willard Wirtz, Secretary of Labor,
United States Department of Labor,
Petitioner.

Civ. A. No. 1552.

United States District Court
S. D. Mississippi,
Hattiesburg Division.
June 13, 1964.

Harold C. Nystrom, Beverley R. Worrell, Edwin G. Salyers and William Fauver, Dept. of Labor, Birmingham, Ala., for plaintiff.

Mize, Thompson & Mize, Gulfport, Miss., for defendants.

MIZE, District Judge.

The question for decision here is whether Title 18 U.S.C.A. § 3692 has application to this proceeding in civil contempt. That part of the above Section here pertinent provides that "[i]n all cases of contempt arising under the laws of the United States governing the issuance of injunctions or restraining orders in any case involving or growing out of a labor dispute, the accused shall enjoy the right to a speedy and public trial by an impartial jury * * * ".

Petitioner charges respondents with having failed to comply with the final judgment of this Court entered against them on October 2, 1960, and which permanently enjoined and restrained the said respondents from further violations of certain of the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.). The original action for injunctive relief was brought by the Secretary of Labor, the petitioner herein, pursuant to Section 217 of this said Act.

In filing their answer to the petition herein, respondents entered their demand for a trial of this proceeding by a jury. Thereafter, petitioner moved this Court for an order striking respondents' demand. Subsequently, this Court heard

argument on petitioner's Motion to Strike and deferred ruling on the specific question of the applicability of 18 U.S. C.A. § 3692 to this proceeding until the parties had submitted briefs in support of their contentions. At the time of oral argument, this Court ruled that respondents had no constitutional right to a trial by jury of this proceeding in civil contempt. See Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.Ed. 797 (1911); In re Debs, 158 U.S. 564, 595, 15 S.Ct. 900, 39 L.Ed. 1092 (1895); Michaelson v. United States, 266 U.S. 42, 45 S.Ct. 18, 69 L.Ed. 162 (1924).

■ For the reasons more fully explained below, this Court finds that Title 18 U.S.C.A. § 3692 has no application to this proceeding in civil contempt. Petitioner's Motion to Strike is well taken.

■ Any consideration concerning the applicability *vel non* of Title 18 § 3692 necessarily entails a study of the action from which the contempt proceeding springs. Thus, in this case, unless the original action by the Secretary of Labor for injunctive relief involved or grew out of a labor dispute, Section 3692 has no application to this proceeding in contempt.

Section 3692 imposes conditions without definitions. It is clear that the original action must involve or grow out of a labor dispute. However, these words of limitation must be defined by reference elsewhere.

■ My examination of this matter leads me to conclude that Section 3692, which was enacted into positive law in 1948, represents, in substance, a re-enactment of now repealed Section 111 of the Norris-LaGuardia Act (29 U.S.C. §§ 101–115).[1]

This conclusion having been reached, it therefore follows that Congress intended that the language of Section 3692 under discussion here should derive its meaning from pertinent definitions supplied by the Norris-LaGuardia Act. Section 113 of the Norris-LaGuardia Act, and in particular subsections 113 (a), 113(b) and 113(c) thereof, provide all of the definitions that are necessary to a full consideration of this question.[2]

■■ The following comments of the Supreme Court in United States v. United Mine Workers of America, 330 U.S. 258, 274–280, 67 S.Ct. 677, 91 L.Ed. 884 (1947), serve to point out why the definitions contained in subsections 113(a) and 113(b) of the Norris-LaGuardia Act have no application to enforcement proceedings by the Secretary of Labor under the Fair Labor Standards Act:

> "Those clauses in § 13(a) and (b) spelling out the position of 'Persons' relative to the employer-employee relationship affirmatively suggest that the United States * * * was not meant to be included. * * * Every one of * * * [the] qualifications in § 13(a) and (b) * * * relates to an economic role ordinarily filled by a private individual or cor-

1. For further consideration of the legislative history as well as other authorities supporting the proposition that Section 3692 represents but a re-enactment, in substance, of § 111 of the Norris-La Guardia Act, see H.R.Rep. No. 304, 80th Cong. 1st Sess. at A176, A130, A373; U. S. v. International Longshoremen's Assn., et al., 24 CCH Lab.Cas. ¶ 68,085 (USDC N.D.N.Y., 1953); 31 Am.Jur. Labor § 598.

 Section 111 provided, *inter alia*, that "in all cases arising under Sections 101–115

of this title in which a person shall be charged with contempt in a court of the United States (as herein defined), the accused shall enjoy the right to a speedy and public trial by an impartial jury * * *." Mar. 23, 1932, c. 90, § 11, 47 Stat. 72.

2. For identical definitions of the term "labor dispute", as contained in the Norris-LaGuardia Act, see, e. g., 29 U.S.C.A. § 152(9) and 29 U.S.C.A. § 401.

poration, and not by a sovereign government." 330 U.S. at 275, 67 S. Ct. at 687.

In the original action here the Secretary of Labor acted in and for the public interest and pursuant to an express statutory grant of authority. See Walling v. James V. Reuter, Inc., 321 U.S. 671, at 674 and 675, 64 S.Ct. 826, 88 L.Ed. 1001; Mitchell v. Pidcock, 299 F.2d 281, at 287 (C.A. 5, 1962). The action was therefore, in effect, a suit by the United States. See Walling v. Norfolk Southern Ry. Co., 162 F.2d 95, 96 (C.A. 4, 1947). The Secretary's action for injunction against respondents did not "involve or grow out of" a labor dispute.

■■ Furthermore, the original controversy between the Secretary and respondents did not constitute a "labor dispute" as defined by Section 113(c) of the Norris-LaGuardia Act and as used in Title 18 § 3692. The Fair Labor Standards Act prescribes minimum labor standards, and it is too well settled to require extensive treatment that these labor standards are not proper subjects of give-and-take bargaining between labor and management, employer and employee, because these standards represent the minima acceptable for compliance with this Act. The Fair Labor Standards Act dictates no more but accepts no less. See Brooklyn Saving Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296; Wirtz v. Leonard, 317 F.2d 768, 769 (C.A. 5, 1963). Disagreements between the Secretary of Labor and employers, and employees and employers with respect to compliance with the provisions of the Fair Labor Standards Act cannot be labeled a "labor dispute" within the foregoing definitions. In the early case of Bowe v. Judson C.

Burns, Inc., D.C., 46 F.Supp. 745, aff'd (on other grounds), 3 Cir., 137 F.2d 37, which was an action commenced under Section 17 of the Fair Labor Standards Act, the defendants advanced the argument that such actions involved "labor disputes" within the meaning of the Norris-LaGuardia Act and were, thereby, subject to its proscriptions. In rejecting this argument, the district judge succinctly commented as follows:

" * * * [T]here was no dispute between the complainants and their employer Judson C. Burns, Inc., 'concerning terms or conditions of employment'. This is not a case where the employees demanded a higher rate of pay and were refused, or where the employer insisted upon a lower rate of pay. *The terms and conditions of employment between the complainants and their employer were fixed. They worked for a settled wage. Assuming that the complainants were employed in interstate commerce, the law fixed certain overtime compensation for them. They worked overtime but were not paid the overtime rate. A Federal statute was violated (assuming that all these facts are true). They sued in this court to recover. This is not a labor dispute within the meaning of the Norris-LaGuardia Act.* The case is the same as if the complainants had not worked overtime but had simply worked the normal number of hours per week and the employer had failed to pay them their wages. The bringing of an action by the complainants to recover their wages could hardly be called a 'labor dispute' as the term is used in the Norris-LaGuardia Act." [3] 46 F. Supp. at 747 [Emphasis added]

3. In a recent opinion from the United States District Court for the Western District of Pennsylvania. In re Piccinini, 35 F.R.D. 548, Civil Action No. 61–344, Criminal Action No. 63–225, which was a proceeding in civil and criminal contempt arising from alleged violations of a permanent injunction entered under Section 17 of the Fair Labor Standards Act, Judge Rosenberg denied the defendant's demand for a jury trial under Title 18 § 3692, essentially upon the same premises expressed herein by this Court.

**548**

In conclusion, this Court finds no acceptable basis for concluding that enforcement actions under the Fair Labor Standards Act involve or grow out of "labor disputes" or, in and of themselves, constitute "labor disputes", within the meaning of the Norris-LaGuardia Act, or any other Federal statute concerned with "labor disputes". Each of these labor relations and standards acts are reconcilable, and the courts must work to accomplish an accommodation of these acts so that the obvious purpose in the enactment of each is preserved. See Brotherhood of Rail. Tr. v. Chicago, R. & .I. R. Co., et al., 353 U.S. 30, 39–40, 77 S.Ct. 635, 1 L.Ed.2d 622.

It is, therefore, the order and decree of this Court that petitioner's Motion to Strike defendants' demand for jury trial should be, and it hereby is, granted.