**Ramon Acevedo RIVERA, et al., Plaintiffs,**

**v.**

**INSTALLATION CLUB SYSTEM, Fort Buchanan, Puerto Rico, et al., Defendants.**

**Civ. No. 81–1713 HL.**

United States District Court, D. Puerto Rico.

Oct. 16, 1985.

Samuel C. Váquez Matías, San Juan, P.R., Hector L. Marquez, Hato Rey, P.R., for plaintiffs.

Raymond E. Morales, Asst. U.S. Atty., Hato Rey, P.R., John S. Albanese, Civilian Personnel Litigation, Office of the Judge Advocate General, Dept. of Army, Washington, D.C., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiffs, 24 former employees of defendant Installation Club Systems ("ICS"), brought this action alleging retaliatory discharge under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sections 215(a)(3) and 216(b). Defendants are ICS, a nonappropriated fund instrumentality of Fort Buchanan, Puerto Rico, and various ICS personnel officials. Plaintiffs seek reinstatement and $300,000 in lost income and lost vacation, retirement and medical benefits.

Before the Court is defendants' Rule 12(b) Motion to Dismiss for failure to state a claim and for lack of jurisdiction. The Court finds it has jurisdiction and that plaintiffs have established a cause of action under 29 U.S.C. sections 215(a)(3) and 216(b). Defendants and plaintiffs have also filed cross-motions for Summary Judgment. The Court denies defendants' Motion to Dismiss on both grounds and denies both parties' Motion for Summary Judgment.

With one exception, plaintiffs were each a party to a law suit against defendants for back wages and overtime filed in Puerto Rico Superior Court on December 17, 1976.[1] This claim was filed pursuant to Puerto Rico Law on Working Hours and Days, 29 L.P.R.A.. Sections 271–279, which is similar in purpose and remedy to the minimum wage and maximum hours provisions of the FLSA, 29 U.S.C. Sections 206 and 207.[2] This claim was settled in July, 1981 for the amount of $530,000.00.

Plaintiffs allege that they were harrassed, had their work hours decreased and were ultimately discharged by defendants in 1980 in retaliation for instituting the 1976 wage claim. Plaintiffs claim that defendants' action violates 29 U.S.C. sections 215(a)(3) and 216(b). Defendants argue that ICS, as a federal employer, is not liable under these provisions of the FSLA and plaintiffs, as federal employees, are not protected. Based on a plain reading of the FSLA, defendants' argument is without merit.

ICS is a government agency known as a nonappropriated fund instrumentality ("NAFI"). An NAFI does not rely on Congressional appropriation for its budget. It generates its own funds through activities, services, and product sales. See *Standard Oil Co. v. Johnson*, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611 (1941); *Bramblett v. Desobry*, 490 F.2d 405 (6th Cir.1974). In 1974 Congress expanded the scope of the FSLA to include the U.S. Government and public agencies, such as an NAFI, as "employers" within the meaning of the Act. 29 U.S.C. 203(d) and (x), Pub.L. 93–259. The 1974 amendments also extended protection to employees of an NAFI. 29 U.S.C. 203(e)(2)(A)(iv).

Under Section 216(b) of FSLA, an "employer", including a public agency, is exposed to liability for a Section 215(a)(3) violation. As amended in 1977, this provision states:

> "*Any employer* who violates section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion and the payment of wages lost and an additional amount as liquidated damages. An action to recover the liability prescribed in either the preceding sentences may be maintained

---

1. Plaintiff Lorraine Gorshi was added to this suit in plaintiffs' amended complaint. She did not participate in the 1976 law suit but had offered to appear as a witness.

2. 29 L.P.R.A. Sections 273 and 274 provide for overtime compensation, as does 29 U.S.C. section 207, with certain modifications not pertinent herein.

against any employer (including *public* *agency*) in any Federal or State court of competent jurisdiction ..." (Emphasis added.)

Section 215(a) makes it unlawful for:

"(a) ... *any person* to discharge or in any other manner discriminate against any employee because such employee has filed any complaint ... under or related to this chapter, or has testified or is about to testify in any such proceeding." (Emphasis added.)

The term "person" is defined in section 203(a) as: "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. 203(a).

Defendants argue that "person" should be construed more narrowly than the term "employer." Since the U.S. Government was not included in the definition of "person" when FSLA was amended in 1974, a public agency such as ICS cannot be held liable under section 215(a)(3). This argument is untenable for several reasons. Most specifically, courts have interpreted the term "person" to be more broadly construed than the term employer. *Bowe v. Judson C. Burns*, 137 F.2d 37 (3rd Cir. 1943). In *Bowe*, the court held that a labor union was included in the term "person", and could be liable under section 215(a)(3), even though labor organizations are specifically excluded as "employers" by section 203(d). The court in *Bowe* found that Congress intended to include a party within the meaning of "person" whether or not he is an "employer" for purposes of the wage and hour provisions of the FSLA. *Id.* at 38.

Based on the reasoning above, the Court finds that plaintiffs have stated a valid claim under Section 215(a)(3) and 216(b) against defendant ICS and the ICS officials.

Defendants also argue in their Motion to Dismiss that this Court does not have jurisdiction since plaintiffs are asking for monetary damages and ICS, as a U.S. employer, has not waived sovereign immunity. The Court rejects this argument.

We find that the United States government waived its immunity in Section 216(b) which provides that a public agency will be liable for lost wages and liquidated damages, if a section 215(a)(3) violation is proven. Jurisdiction is proper, therefore, under 28 U.S.C. 1331: a civil action arising under a law of the United States.

Having found that the Court has jurisdiction and plaintiffs have stated a claim under sections 215(a)(3) and 216(b), we consider the cross motions for summary judgment. Summary judgment lies only when there exists no genuine issue of material fact and the party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(c) sets forth a bifurcated standard. The Court must first determine whether a material issue exists. "Material issue" has been defined as an issue which affects the outcome of the litigation. *Hahn v. Sargent*, 523 F.2d 461 (1st Cir.1975). Secondly, the Court must determine whether the issue is genuine. A genuine issue exists whenever there is "the slightest doubt as to the facts." *Morrissey v. Proctor & Gamble Co.*, 379 F.2d 675 (1st Cir.1967) [quoting *Peckham v. Ronrico Corp.*, 171 F.2d 653 (1st Cir.1948) ]. It is widely recognized that summary judgment is an extreme remedy and should not be granted unless it is clear beyond controversy that moving party is entitled to judgment as a matter of law. Wright, Miller & Kane, Federal Practice and Procecure: Civil 2d Section 2712 (1984). In cases, such as the present one, where the state of mind of a party is at issue, the courts are particularly reluctant to grant a motion for summary judgment. *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1982); *Maiorana v. MacDonald*, 596 F.2d 1072, 1077 (1st Cir. 1979).

Plaintiffs claim they were discharged in 1980 by defendants in retaliation for filing suit in the Puerto Rico Superior Court. In support of this claim they submitted documentation which establishes that defendants hired 68 employees between 1979 and 1980. Twelve of the new employees were

hired "under better working conditions, job status and job security" to do the same work previously done by plaintiffs. Plaintiffs also allege that the ICS was solvent and there was no financial need to discharge plaintiffs. They presented a series of figures to show that the three branches of the ICS had each earned money in 1979. In their Response to Request for Admissions, defendants admit each of these allegations.

To counter plaintiffs' allegations, defendants explain that plaintiffs were discharged as part of a reduction-in-force plan. This plan was undertaken in 1980 following a U.S. Army Audit which found ICS to have a net loss of $188,000. ICS was directed by the Club and Community Activities Management Directorate of the U.S. Army in Washington, D.C., to immediately reduce their labor force. Defendants establish that plaintiffs' financial figures are misleading, because they indicate ICS sales, not profits. Based on the documentation submitted by defendant, the Court is satisfied that ICS was in financial difficulty in 1979 and was required by the Central Club System of the U.S. Army to balance its budget. Were the financial condition of ICS the only material issue in the case, the Court would find no genuine dispute of fact and grant summary judgment in favor of defendant.

However, plaintiffs also have presented evidence that they were discharged in 1980, while other employees, including the 68 who were hired between 1977 and 1980, remained employed. Defendants attempt to refute the inference of retaliation drawn from this allegation by providing documentation to show that the goal of reducing labor costs by 1981 had been achieved. In addition, they argue their action was not retaliatory since only 29 employees of the 46 employees who participated in the 1976 settlement were affected by the reduction-in-force plan and 13 individuals not associated with the 1977 suit were affected.

Defendants make these arguments without providing the court with evidence on how the Reduction-in-Force plan was implemented. Defendants failed to submit the names of all employees on the payroll in 1980 or the names of discharged employees. They also failed to submit evidence to show that an objective criteria was used to determine which employees would be laid off. Without this evidence which would indicate that the reduction-in-force plan was applied fairly and objectively, the Court finds that a genuine issue exists as to defendants' motivation for discharging plaintiffs. Defendants are not entitled to judgment as a matter of law. *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922 (1st Cir.1983).

For the above reasons defendants' Motion to Dismiss and the cross-Motions for Summary Judgment are DENIED.

IT IS SO ORDERED.