**Steven W. GLOVER and Kevin M. Edgmon, Plaintiffs,**

v.

**CITY OF NORTH CHARLESTON, SOUTH CAROLINA, et al., Defendants.**

**Civil Action No. 2:96–1526–11.**

United States District Court, D. South Carolina, Charleston Division.

Sept. 16, 1996.

---

7. Pl.['s] Mem. in Opp'n to Defs['] Mot.Summ.J., Ex. J, Answers to Interrogs., No. 11.

8. Elliott Dep. at 65–67.

Thomas A. Woodley, Gregory K. McGilliway, Washington, DC, K. Douglas Thornton, Georgetown, SC, for plaintiffs.

Wilbur Eugene Johnson, Charleston, SC, for defendants.

## ORDER

NORTON, District Judge.

This action is before the court on Defendants' Motion to Dismiss Claims One and Two of Plaintiffs' Complaint concerning antiretaliation violations under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Having heard oral argument on the matter and reviewed the parties' memoranda, this court grants Defendants' Motion.

## I. BACKGROUND

This is a case alleging retaliation for filing and participating in a Fair Labor Standards Act ("FLSA") claim. Plaintiffs Steven Glover and Kevin Edgmon ("Plaintiffs") were employed with the North Charleston District Fire Department ("District Fire Department") until March 31, 1996. In 1995, the employees of the District Fire Department formed a local fire fighters association. Plaintiff Glover was elected President and Plaintiff Edgmon was elected Secretary– Treasurer of this association. Plaintiff Glover is, and has been, the lead plaintiff and spokesperson in a wage and hour suit brought under the FLSA by himself and other fire protection personnel against the North Charleston District ("District"). Plaintiff Edgmon is, and has been, the lead plaintiff and spokesperson in a parallel wage and hour suit brought under the FLSA by himself and other fire protection personnel

against the District, Charleston County, and others.

During the fall of 1995 and early 1996, the City of North Charleston ("City") and the District negotiated a contract under which the District Fire Department was to disband and the City would provide the fire protection and related services for the District, beginning April 1, 1996. District Fire Department employees were allowed to submit applications for employment with the City. However, the City had the discretion to determine which of the District's employees would have their employment transferred and continued with the City upon the implementation of the contract with the District. On or about March 28, 1996, the City decided not to employ Plaintiffs. Plaintiffs subsequently sued the City and numerous other City representatives, alleging they were not hired by the City in retaliation for filing and participating in the FLSA claims against the District.

The basis of Defendants' Motion to Dismiss is that an employer-employee relationship must exist between Plaintiffs and Defendants in order to maintain a suit under the anti-retaliation provisions of the FLSA.

## II. ANALYSIS

For purposes of this Motion, this court accepts as true the allegations in the Complaint and views the Complaint in the light most favorable to Plaintiffs. See Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993), cert. denied, 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994); see also Colleton Regional Hosp. v. MRS Medical Review Systems, 866 F.Supp. 896, 898–99 (D.S.C.1994).

Plaintiffs' claims under the anti-retaliation provisions of the FLSA require an employer-employee relationship to exist or to have existed between Plaintiffs and Defendants. Section 215(a)(3) contains the relevant anti-retaliation provisions of the FLSA. Section 215(a)(3) provides in pertinent part that:

... it shall be unlawful for **any person** ... to discharge or in any other manner discriminate against **any employee** because such employee has filed any complaint or instituted or caused to be instituted any

proceeding under or related to this chapter. . . .

29 U.S.C. § 215(a)(3) (emphasis added). The FLSA defines "any person" as "an individual, partnership, association, ... or any organized group of persons." 29 U.S.C. § 203(a). An "employee" is an "... individual employed by an employer," and to "employ" means "to suffer or permit to work." 29 U.S.C. § 203(e), (g). "Employee" has been construed to include a former employee of the retaliating employer but not a non-employee job applicant. See Harper v. San Luis Valley Regional Med. Center, 848 F.Supp. 911 (D.Colo.1994) (noting that courts in other circuits have extended section 215(a)(3) protection to former employees but refusing to extend the protection to non-employee job applicants).

"Any person" may be a defendant. There is no requirement from that language in section 215(a)(3) that the defendant be the plaintiff's employer. However, the "any employee" language mandates that the plaintiff have an employment relationship with the defendant.

### A. "Any person" Analysis

While the sections of the FLSA relating to wage and hour claims apply only to employers, the prohibitions expressed in section 215 are applicable to "any person." See e.g., Bowe v. Judson C. Burns Inc., 137 F.2d 37, 38 (3rd Cir.1943); Wirtz v. Ross Packaging Co., 367 F.2d 549, 550 (5th Cir.1966); see also Donovan v. Schoolhouse Four, Inc., 573 F.Supp. 185 (W.D.Va.1983). In Bowe, plaintiffs sued their employer and their labor union for violation of the FLSA's anti-retaliation section. Plaintiffs had originally sued their employer for wage violations under the FLSA. Their employer and labor union allegedly conspired to get plaintiffs to drop their suit. When plaintiffs continued the suit, they were terminated by their employer and expelled from the labor union. The court allowed the anti-retaliation violation suit against the labor union, determining the labor union qualified as "any person" under section 215(a)(3).

In Donovan, plaintiffs brought an action against their former employer for termi-

nating them because of their involvement in an earlier FLSA suit against the employer. The employer's consultant and plant manager were personally involved in the termination. The court determined the consultant and manager could conceivably be personally liable for violating the FLSA under section 203(d) and the "any person" provision of section 215(a)(3). Thus, the "any person" language does not require a defendant to be the employer of a plaintiff.

■ Plaintiffs have properly alleged that the City and other Defendants are "persons" within the meaning of section 215(a)(3).

### B. "Any employee" Analysis

■ The "any employee" language requires a current or past employment relationship between a plaintiff and defendant. *See Harper,* 848 F.Supp. 911, 913–14. *Harper* is one of the few cases, if not the only case, to address whether the FLSA anti-retaliation provision extends to protect job applicants who are neither former nor current employees of the retaliating employer.

The court in *Harper* determined job applicants did not fall under the protection of section 215(a)(3). The court decided, absent any supporting legislative intent or other legal authority, not to extend the protection of section 215(a)(3) to individuals who were never employed by the allegedly retaliating employer. *Id.* at 914. Similarly, Plaintiffs do not meet the requirements for "any employee" under section 215(a)(3) because they are not and have never been employed by the City. Plaintiffs were job applicants and do not fall under the protection of section 215(a)(3).

Plaintiffs assert that *Harper* should not be followed. They argue that, as employees of the District, they meet the definition of "any employee" under section 215(a)(3) for their suit against the City.

First, Plaintiffs assert that the *Harper* case changes the meaning of section 215(a)(3) from prohibiting "any person" from discriminating against "an employee," to only prohibiting "an employer" from discriminating against "his employee." However, the *Harper* case does not do that. The *Harper* court

determined that the plaintiff in that case was not an employee, but a non-employee job applicant and did not meet the definition of "any employee."

Second, Plaintiffs argue that the *Harper* court, acknowledging its decision was made in the absence of any supporting legislative history, "defies overwhelming judicial precedent which has applied section 215(a)(3) to prohibit retaliatory employment decisions made by parties other than the present employer of the complainant." (Memorandum in Opposition, p. 12). The judicial precedent to which Plaintiffs refer largely includes cases which allow a former employee to sue his former employer. The *Harper* decision still allows those suits.

This second argument actually centers on the "any person" language of section 215(a)(3). Plaintiffs' concern appears to be that *Harper* narrowed the definition of "any person" to "an employer." *Harper* did not. *Harper* sought to define "any employee." In so doing, *Harper* implicitly requires some current or past employment relation between the person bringing the suit and the employer. However, in *Bowe* and *Donovan* above, cited for defining "any person," the other "persons" sued had some connection to the employees' retaliating employer. In *Bowe,* the labor union conspired with the employer and expelled the employees. In *Donovan,* the consultant and the manager were personally involved with the retaliating employer and the termination.

Lastly, Plaintiffs contend that *Harper* "disregards the strong, make-whole purposes behind section 215(a)(3) and extensive legislative history indicating that Congress intended the term 'employee' to be more encompassing than its common-law definition." (Memorandum in Opposition, p. 12). However, even after *Harper,* a broad definition of "employee" remains. A former employee still qualifies as an "employee" under section 215(a)(3), as numerous cases have held. The *Harper* court merely refused to broaden the definition of "employee" any further to include a job applicant. If Congress wanted to cover non-employees, it could have written section 215(a)(3) to prevent discrimination

against "any person" instead of "any employee."

This court agrees with the court's analysis in *Harper*. Here, Plaintiffs were job applicants with no prior employment relationship with the City. Because Plaintiffs do not meet the requirements for "any employee" under section 215(a)(3), their FLSA claims should be dismissed.

### III. CONCLUSION

It is therefore,

**ORDERED,** that Defendants' Motion to Dismiss is **GRANTED.**

**AND IT IS SO ORDERED.**