**NORTHWEST AIRLINES, INC.**

v.

**TRANSPORT WORKERS UNION OF AMERICA, AFL–CIO, Appellant,**

**Air Line Pilots Association, International.**

**NORTHWEST AIRLINES, INC.**

v.

**TRANSPORT WORKERS UNION OF AMERICA, AFL–CIO.**

**Appeal of AIR LINE PILOTS ASSOCIATION, INTERNATIONAL.**

**NORTHWEST AIRLINES, INC., Appellant,**

v.

**TRANSPORT WORKERS UNION OF AMERICA, AFL–CIO and Air Line Pilots Association, International.**

**Nos. 78–1056, 78–1098 and 78–1141.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 24, 1979.

Decided Aug. 30, 1979.

Rehearing Denied Oct. 9, 1979.

---

Stephen B. Moldof, New York City, with whom Robert S. Savelson, New York City, and Donald J. Capuano, Washington, D. C., were on the brief, for appellant/cross-appellee, Air Line Pilots Ass'n, Intern.

Asher W. Schwartz, New York City, for appellant/cross-appellee, Transport Workers Union of America.

Henry E. Halladay, Minneapolis, Minn., with whom David A. Ranheim, Robert G. Bayer, Minneapolis, Minn., and Philip A. Lacovara, Washington, D. C., were on the brief, for appellee/cross-appellant, Northwest Airlines, Inc.

Vella M. Fink, Atty., E. E. O. C., Washington, D. C., with whom Charles L. Reischel, Asst. Gen. Counsel, E. E. O. C., Washington, D. C., was on the brief for amicus curiae urging dismissal.

William R. Hayden, Washington, D. C., entered an appearance for Air Line Pilots Ass'n, Intern. in No. 78–1056.

Before WRIGHT, Chief Judge, and ROBINSON, Circuit Judge, and RICHEY,* District Judge.

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 292(a).

Opinion for the Court filed by Judge CHARLES R. RICHEY.

CHARLES R. RICHEY, District Judge:

In this case, we are called upon to determine whether an employer who violates both the Equal Pay Act of 1963 and title VII of the Civil Rights Act of 1964 possesses, under either law, a right of contribution from a union which allegedly participated in the wrong. We affirm the district court's ruling that no such right exists under the Equal Pay Act, but with respect to the title VII issue, we remand for further proceedings necessary to determine the suitability of the plaintiff's claim. Before reviewing the issues raised by this appeal, we briefly examine the background of this litigation.

## I. BACKGROUND

The origin of Northwest Airlines' (the Airlines) suit against the Air Line Pilots Association, International (ALPA) and the Transport Workers Union of America (TWU) lies in a previous action instituted by Mary P. Laffey. Ms. Laffey, representing a class comprising all Northwest Airlines female cabin attendants, successfully sued her employer, the Airlines, on the grounds that it had violated both the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1), and title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a). *Laffey v. Northwest Airlines, Inc.,* 366 F.Supp. 763 (D.D.C.1973) and 374 F.Supp. 1382 (D.D.C.1974), *aff'd in part and vacated in part,* 185 U.S.App.D.C. 322, 567 F.2d 429 (1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). After the entry of the district court's judgment in favor of Ms. Laffey's class, the Airlines moved to amend its answer to assert a crossclaim for contribution or indemnification from the ALPA. Although the ALPA had appeared in the *Laffey* trial as a non-aligned party, it never actively participated in the proceedings.

The Airlines also moved to assert a third-party complaint against the TWU, the original certified bargaining representative of the plaintiff class until the ALPA assumed representation in the middle of the suit. The Airlines' motions, both filed almost one and a half years after the completion of the *Laffey* trial, were denied by the district court. This Court affirmed that ruling as within the sound discretion of the trial court. 185 U.S.App.D.C. at 369–71, 567 F.2d at 476–78.

After the district court denied the two motions, the Airlines filed a separate suit against the TWU and the ALPA. It sought "a declaration and adjudication that TWU and ALPA are also liable, in turn and respectively, by virtue of their participation in the negotiation, execution and implementation of the collective bargaining contracts which provided for discrimination. . . ." Complaint ¶ 11, C.A. No. 75–0223 (D.D.C. filed Feb. 18, 1975). Specifically, the Airlines sought a declaratory judgment holding the unions liable for the violations of the Equal Pay Act and title VII originating in the collective bargaining agreements which they had helped negotiate. In due course, the unions moved to dismiss the Airlines' complaint for failure to state a claim and for lack of subject matter jurisdiction.

Ruling on this motion, the district court declared invalid the Airlines' claim under the Equal Pay Act, but upheld the claim under title VII. With respect to the Equal Pay Act claim, the court followed a line of precedent refusing to imply a cause of action for contribution or indemnification; the district court held that the cause of action sought by the Airlines was inconsistent with the intended purpose of the law. Yet, the court found that the implication of a cause of action for contribution was consistent with the underlying purpose of title VII. It also held that subject matter jurisdiction for such a claim existed under 28 U.S.C. § 1331, because the Airlines was

asserting a federal common law right. Relying on this conclusion, the court noted that the Airlines' lack of compliance with section 2000e–5(e) of title 42, U.S.Code, was not a bar. This provision requires an aggrieved party to file a complaint with the Equal Employment Opportunity Commission (EEOC) before commencing suit in the federal courts. In sum, the district court found that the Airlines was bringing a suit, not under title VII, but under federal common law. The court, however, qualified its conclusions regarding the plaintiff's right of contribution:

> At this time, the Court holds only that there is a federal common law right to contribution for monetary liability imposed under title VII, at least under some circumstances, and it will reach the question as to the precise parameters of this right when the pertinent facts have been developed and properly placed before the Court.

Memorandum Opinion, slip op. at 17, C.A. No. 75–0223 (D.D.C. July 7, 1977).

The district court later amended its order to include a certification for interlocutory appeal under 28 U.S.C. § 1292(b). By order of January 6, 1978, this Court granted the parties' petitions for leave to appeal. Shortly thereafter, the district court, under Fed.R.Civ.P. 54(b), entered a final judgment dismissing the Airlines' claim for reimbursement under the Equal Pay Act. Order, C.A. No. 75–0223 (D.D.C. Jan. 11, 1978).

We are thus presented with the question of Northwest Airlines' right to contribution under 29 U.S.C. § 206(d)(1) and 42 U.S.C. § 2000e–2(a).

## II. THE AIRLINES HAS NO RIGHT TO CONTRIBUTION UNDER THE EQUAL PAY ACT

We affirm the district court's conclusion regarding contribution under the Equal Pay Act, because we find such a right inconsistent with both the statute's language and purpose.

The Equal Pay Act ("the Act") proscribes discrimination in wages on the basis of sex where substantially similar work is performed. In the statute's express terms, no right of contribution is mentioned, nor is there any provision for monetary liability on the part of unions, for the benefit of employees. Yet, the Act's bar extends, in two distinct statutory subsections, to both employers and unions alike:

> (1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . .

> (2) No labor organization, or its agents, representing employees of an employer having employees subject to any provisions of this section shall cause or attempt to cause such an employer to discriminate against an employee in violation of paragraph (1) of this subsection.

29 U.S.C. §§ 206(d)(1) & (2) (1976). The Act provides for suits by aggrieved employees, but, by its express terms, it only allows such suits against employers:

> *Any employer* who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained against *any employer* (including a public agency) in any Federal or State court of competent jurisdiction by any one or more em-

ployees for and in behalf of himself or themselves and other employees similarly situated. . . .

29 U.S.C. § 216(b) (1976) (emphasis added). See *Tuma v. American Can Co.*, 367 F.Supp. 1178, 1181–82 (D.N.J.1973). Unions, however, are not insulated from all redress under the Act. Section 216(c) of title 29, U.S.Code, empowers the Secretary of Labor "to supervise the payment of . . . wages . . . owing to any employee or employees under section 206 or section 207 of this title." This power certainly includes the authority to seek redress against unions which violate the Act.[1] *E. g., Hodgson v. Sagner, Inc.*, 326 F.Supp. 371 (D.Md.1971), *aff'd per curiam sub nom. Hodgson v. Baltimore Regional Joint Board*, 462 F.2d 180 (4th Cir. 1972). The relevant statutes thus do not expressly create either a cause of action against unions for the benefit of employees, or one for contribution for the benefit of employers. Accordingly, we must determine whether, under the circumstances of this case, it would be appropriate to imply the cause of action which the Airlines has asserted.

In determining whether to imply a cause of action for contribution, we must seek guidance from the familiar test developed in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Although the *Cort* standard is more commonly applied to assess the validity of implying a *plaintiff's* cause of action, it has full relevance to the present situation, involving a defendant turned third-party plaintiff. The *Cort* standard basically provides insight into the legislative intent behind the statute at issue and thereby offers guidance, regardless of the differing postures of the parties who may benefit from implication. The standard requires this Court to weigh four factors: 1) whether the plaintiff is one of the class for whose *especial* benefit the statute was enacted; 2) whether there is any indication of

legislative intent to create or deny a remedy; 3) whether it is consistent with the legislative scheme to imply such a remedy; and 4) whether the cause of action is one traditionally relegated to state law so that it would be inappropriate to infer a federal cause of action. 422 U.S. at 78, 95 S.Ct. 2080.

Although the district court also applied the *Cort* test, its analysis incorrectly focused upon whether the employer, Northwest Airlines, was a party for whose special benefit the Equal Pay Act was enacted. Those who seek contribution must have been, at one time, defendants and almost by definition, defendants are excluded from the class envisioned in the first prong of the *Cort* test. Thus, under the district court's analysis, any defendant who seeks to become a third-party plaintiff will almost always be denied an implied right of contribution. Significantly, apart from *Cort*, plaintiff's position—not that of the defendant or third-party plaintiff—vis-a-vis the third-party defendant will generally determine the existence of a right of contribution: if the plaintiff could hold either of two defendants liable, a right of contribution will be recognized; if, on the other hand, one of the defendants is protected from suit by the plaintiff, it will also be protected from contribution. Prosser, *Handbook of the Law of Torts* § 50, at 309 (4th ed. 1971). Accordingly, in order to determine whether an employer may seek contribution from a union, we must also consider whether an employee could bring suit against a union. Here, this approach provides insight into the legislative scheme. In order to avoid the confusing results which flow from the district court's application of the *Cort* test, we find it more realistic, under *Cort*, to regard the employees as the benefitting class and to regard the union as being held liable to them. Under this approach, the first prong of the *Cort* test is easily satisfied. The employees are clearly

---

1. Pursuant to Reorganization Plan No. 1 of 1978, § 1, 43 Fed.Reg. 19807, *reprinted in* 5 U.S.C.A. app. II (1979 Supp.), the Secretary of Labor's enforcement powers over the Equal Pay Act were transferred to the Equal Employment Opportunity Commission.

the class especially intended to be protected under the Equal Pay Act.

The Airlines' claim, however, fails to satisfy the third prong of the *Cort* test—consistency with the legislative scheme. It is improbable that an employee would ever have an implied cause of action under the Equal Pay Act against his union. The statutory scheme envisions three modes of enforcement and to imply a fourth would be inconsistent with the intent evidenced by the existing three. First, under section 216(a) of title 29, U.S.Code, "any person" who wilfully violates the Act may be subject to criminal penalties. Under section 216(c), the Secretary of Labor may bring suit to recover money owing "to any employee or employees."[2] Finally, section 216(b) of title 29 permits suits by employees against "any employer" who violates the Act. The statutory scheme of enforcement is comprehensive and by omission, it insulates unions from suits by employees. This statutory protection would certainly be frustrated by a declaration that an *employer* could recover from a union, once that employer had been found liable to its employees. Of course, we need not—and do not—definitely resolve the issue of an employee's right to sue a union under the Act. We hold only that the likelihood of the implication of such a right is sufficiently remote to preclude the creation of a cause of action against a union for contribution or indemnification. Such a cause of action would, in reality, create liability on the part of the union for the benefit of employees whom Congress did not intend to protect in such a manner.

The stated purpose of the Equal Pay Act is also instructive on the issue of implication. The Act's declaration of purpose states that "wage differentials based on sex . . . [constitute] an unfair method of competition." Equal Pay Act of 1963, Pub.L. No. 88–38, § 2(a)(5), 77 Stat. 56; *see* 29 U.S.C. § 202(a)(3) (1976). By declaring these differentials illegal, the Act attempts to regulate competition between various business concerns. Certainly, the parties most appropriately subject to this regulation would be employers, not unions. The Act's focus on unfair competition explains the existence of a greater battery of deterrents against employer-violators than against unions who participate in the breach. The Airlines submits that this analysis has no relevance in the present case because its conflict typified an industry-wide practice. As a result, the Airlines concludes, the business practices at issue could never be the source of an unfair competitive advantage. The air travel industry, however, is certainly in competition with other methods of transportation and the illegal wage differential may well have provided some advantage over firms offering other means of travel. Thus, this Court's decision not to imply a cause of action for contribution or indemnification against a union is fully consistent with the purpose and scope of the Equal Pay Act.

Our conclusion is also in accord with a persuasive and well-reasoned line of precedent. In *Denicola v. G. C. Murphy Co.*, 562 F.2d 889, 894 (3d Cir. 1977), the Third Circuit decided:

> As noted *supra*, the Equal Pay Act specifically provides for a cause of action against an employer for back wages. The act evidences absolutely no Congressional intent to make a union liable either to an employee or to an employer. We recognize the fact that an act need not specifically provide for a cause of action in order for it to provide the basis for recovery. *See, e. g., Cort v. Ash*, 422 U.S. 66, 75, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). However, we find none of the relevant criteria suggested in *Cort* present which would allow a cause to be implied under the Equal Pay Act against a union.

Reviewing the same contribution issue, *Brennan v. Emerald Renovators, Inc.*, 410 F.Supp. 1057 (S.D.N.Y.1975), also concluded "[T]here seems no need to supplement the

---

2. See note 1 *supra*.

statute with an additional remedy which Congress did not see fit to provide." [3] Plaintiff's reliance on *Hodgson v. Sagner, Inc.*, 326 F.Supp. 371 (D.Md.1971), *aff'd per curiam sub nom. Hodgson v. Baltimore Regional Joint Board*, 462 F.2d 180 (4th Cir. 1972), as being to the contrary is mistaken. In *Hodgson*, not only was the plaintiff the Secretary of Labor, but the Secretary himself had named both an employer and a union as defendants. Although the court held that the Secretary was entitled to recover money damages from the union, 326 F.Supp. at 373, it did not even address the issue of employer-union contribution. *Hodgson* thus is fully distinguishable from the present case and our ruling here is not the least bit inconsistent with that decision.

Based on the foregoing, we conclude that an employer's right of contribution or indemnification against a union is inconsistent with the scheme and purpose of the Equal Pay Act. Accordingly, on this point, we affirm the district court's dismissal of Northwest Airlines' claim.

## III. THE PLAINTIFF'S TITLE VII CLAIM IS REMANDED FOR A DETERMINATION ON THE ISSUE OF LACHES

Although the district court found that contribution was appropriate under title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a), we decline to affirm that holding at this juncture. On appeal, the defendant unions have raised, for the first time, the argument that the Airlines' claim is barred by laches. Of course, we make no ruling regarding the merits of this contention. We only decline to resolve a

complex and sensitive question when the claim which forms the basis of the appeal may suffer from some other defect. This approach is especially appropriate here, because the parties have relied on title VII's goal of prompt, administrative review in arguing for, or against, the existence of a right of contribution. For example, the unions contend that the acknowledgment of any right of contribution or indemnification would be inconsistent with this statutory goal. The Equal Employment Opportunity Commission, as amicus curiae, has argued that contribution is appropriate under title VII, but only if the defendant's claim is brought promptly in the original suit by the aggrieved employee. Thus, timeliness may well be an important consideration in evaluating the propriety of a cause of action for contribution; [4] conceivably, untimeliness, and the injustice resulting therefrom, could interfere with the Court's assessment of the general validity of contribution under title VII. Hard cases may make bad law, but unnecessary hard cases should not make any law at all.

Accordingly, we remand that portion of the district court's order which grants the plaintiff a right of contribution or indemnification under title VII and instruct the trial court to make a determination on the laches question. If the trial court finds that laches is not a bar, the defendants' appeal may be renewed.

## IV. CONCLUSION

Although we apply a slightly different analysis, we affirm the district court's holding that, under the Equal Pay Act, no right of contribution or indemnification exists in

---

3. *Accord, Cook v. Mountain States Tel. & Tel. Co.*, 397 F.Supp. 1217, 1226 (D.Ariz.1975); *Tuma v. American Can Co.*, 367 F.Supp. 1178 (D.N.J.1973); *Wirtz v. Hayes Indus., Inc.*, 58 Lab.Cas (CCH) ¶ 32,085 (N.D.Ohio 1968).

4. We note that for a variety of reasons, timeliness is a less relevant consideration to the review of plaintiff's claim under the Equal Pay Act. First, that claim is before the court as a final judgment pursuant to Fed.R.Civ.P. 54(b),

not an interlocutory appeal under 28 U.S.C. § 1292(b). More importantly, the absence of an administrative review process, designed to expedite the resolution of claims, renders the statutory scheme of the Equal Pay Act vitally different from that of title VII. Finally, we note that in their arguments concerning the Equal Pay Act claim, none of the parties has raised any issue with respect to laches.

favor of the plaintiff, Northwest Airlines. With respect to the remainder of the district court's order, we remand for a determination on the laches question.

*Judgment Accordingly.*