**FEDERAL DEPOSIT INSURANCE CORPORATION**

v.

**Wilson P. ABRAHAM, Felix L. Aucoin, Henry E. Braden, III, Otto B. Candies, Clifton S. Carl, Clarence C. Clifton, Jr., Joseph W. Dirosa, Alonzo G. Ensenat, Murray C. Fincher, Frank J. Friedler, Sr., Jack W. Grissom, Jr., Remus A. Hebert, E. Stewart Maunsell, II, A. Brown Moore, Sam B. Paciera, Eads Poitevent, Jr., Clarence Scheps, John R. Sitton, Jr., T. G. Solomon, Sr., Edward F. Wegmann, and H. D. West.**

**FOSTER PETROLEUM COMPANY**

v.

**INTERNATIONAL CITY BANK AND TRUST COMPANY.**

**Eddie R. HAMMONDS**

v.

**INTERNATIONAL CITY BANK AND TRUST COMPANY and Fernando J. Cuquet, Jr.**

Civ. A. Nos. 77–2248, 75–957 and 75–2402.

United States District Court, E. D. Louisiana.

Nov. 6, 1980.

---

Louis J. Dutrey of Coleman, Dutrey, Thomson, Meyer & Jurisich, New Orleans, La., for movants/third party defendants.

James P. Farwell of Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for third party plaintiffs, Aucoin et al.

James B. Irwin of Montgomery, Barnett, Brown & Read, New Orleans, La., for third party plaintiff, Eads Poitevent.

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on motions to dismiss third-party complaints; it is a part of a complex ongoing litigation. There is no dispute as to relevant facts. The defendants-third-party plaintiffs and the third-party defendants were all at various times directors of the International City Bank and Trust Company, a New Orleans financial institution. The Louisiana Commissioner of Financial Institutions closed the bank on December 3, 1976, and the Federal Deposit Insurance Corporation was appointed the bank's receiver. La.R.S. 6:383 et seq.; La.R.S. 6:454.

A liquidation proceeding commenced in state court. In re Liquidation of International City Bank & Trust Co., No. 76–18490, Civil District Court for the Parish of Orleans. The FDIC, in its receivership capacity, obtained an order in which it was authorized, *inter alia*, to sell certain assets to and permit the assumption of the deposits and certain other liabilities by the Bank of New Orleans and Trust Company. In order to facilitate this sale and assumption, the FDIC in its receivership capacity was further authorized to sell to the FDIC in its corporate capacity certain other assets of the International City Bank including "rights, claims, demands, [and] choses in action . . . ."

The FDIC, responding to the purchase of these rights, filed the original complaint in this action against certain (not all) directors of the International City Bank, alleging that they had failed "to exercise reasonable

care and due diligence in the management of the affairs" of the bank during the period July 1, 1973, to December 3, 1976, which failure had resulted in losses or anticipated losses of nearly 14 million dollars. Following the FDIC's filing of a second amended complaint, defendants Felix Aucoin, Clarence C. Clifton, Jr., Murray C. Fincher, Frank J. Friedler, Sr., Jack W. Grissom, Jr., E. Stewart Maunsell, II, A. Brown Moore, Sam P. Paciera, Clarence Scheps, Edward F. Wegmann, and H. D. West and defendant Eads Poitevent filed third-party complaints against James J. Coleman, Sr., and James J. Coleman, Jr., each of whom was a director of the International City Bank for a part of the period at issue in the main lawsuit. They alleged a right, should they be eventually cast in judgment, to contribution from the Colemans, who are not named as defendants in FDIC's lawsuit.

The Colemans have filed motions to dismiss these third-party complaints. They urge two reasons for such dismissal; either, if accepted by the Court, would be sufficient ground for granting their motion. The first reason is that the third-party complaint is barred by laches and thus should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure; the second rests upon the Colemans' theory that federal law controls here and that it grants no right of contribution or indemnity to those who would be third-party plaintiffs in this or any similar case.

■ The necessary answer to both the Colemans' contentions becomes apparent upon a consideration of the nature of the claim raised by the third-party plaintiffs here. This Court has earlier ruled that it, as a federal court, has jurisdiction in this matter. *FDIC v. Abraham*, 439 F.Supp. 1150 (E.D.La.1977). That decision reflected the facts that, although FDIC corporate activity might in some respects be similar to its activities as a receiver, such activity did not eviscerate federal jurisdiction and that the Court further had jurisdiction over this dispute pursuant to 28 U.S.C. § 1345. The existence of federal jurisdiction in no way changes the nature of the claims at stake.

The claims of the FDIC against defendants and those of the defendants against the Colemans, whom they now seek to implead, are rooted in the law of Louisiana. The assets purchased by the FDIC in its corporate capacity from the FDIC in its receivership capacity were and are controlled by provisions of state law. The scope of the duties of the directors, whose liability vis-à-vis their alleged failure to exercise due diligence in their duties is at the heart of this case, is defined by state law. The International City Bank and Trust Company, the demise of which occasioned this lawsuit, was a creature of state law, organized under and subject to the statutes and regulations of Louisiana, and closed by the Commissioner of Financial Institutions.

■ In light of the essential state law nature of the claims to be adjudicated in this case, the Colemans' motion to dismiss for laches must be denied. The rights asserted by the third-party complainants are governed by the provision of Article 2103 of the Louisiana Civil Code, which provides for a right to contribution in cases such as the present one. Section 3544 provides a prescription period of ten years after a party is cast in judgment within which such claims may be filed. Even were it the case that the laches question looked to federal rather than state law for resolution, the result would be the same. The Fifth Circuit has held that litigation may be barred by laches only upon the satisfaction of three independent criteria. These are "(1) a delay in asserting a right or claim; (2) that the delay was inexcusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Environmental Defense Fund v. Alexander*, 614 F.2d 474, 478 (5th Cir. 1980). In this situation, in which the Colemans were impleaded within a few months of the filing of the second amended complaint of the FDIC, prior to the commencement of significant discovery other than that of documents, and long before the trial date, there was little delay under the circumstances of this complex case, and such delay was certainly not inexcusable. As to the third criterion, the Cole-

mans are prejudiced little if any by their initial appearance at this state: they are welcome to redepose the one individual whose deposition has already been taken, and it is unlikely in the extreme that their counsel, able as they may be, would have had any effect on the issues decided by the Court to date in light of the extensive briefings of other parties and the Court's own not inconsiderable research labors prior to reaching such decisions.

■ The Colemans' motion for dismissal on the ground that federal law controls this case and that it makes no provision for third-party claims of the sort asserted here must be denied for similar reasons. The rights of the FDIC in asserting its claims against the defendants are those which the bank itself would enjoy were it still in existence, and these clearly are determined by state law; the defendants' claims against third parties arising out of such primary claims are also necessarily determined with reference to the law of Louisiana. As already noted, the Louisiana Civil Code specifically provides for a right of contribution in situations such as the present one. La.Civ.C. Art. 2103.

Even if the initial complaint were viewed as arising under federal rather than state law, the law of Louisiana would control as to this particular contribution issue. As Professor Moore has stated, "The third-party defendant's liability to the defendant, if predicated on contribution or indemnity theory, must be determined under applicable state law, even though jurisdiction in the main case is based on a federal statute. *Kennedy v. Pennsylvania R. Co.*, 282 F.2d 705 (3d Cir. 1962) . . . ." Moore, Federal Practice and Procedure, ¶ 14.03, p. 14–157; *Brown v. UAW*, 85 F.R.D. 328, 334 and n. 1 (W.D.Mich.1980). *See Denicola v. G. C. Murphy Co.*, 562 F.2d 889, 895 (3d Cir. 1977).

Therefore, in light of the foregoing, the motions of the Messrs. Coleman to dismiss are DENIED.