Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

SAF-T-CLEAN, INC., a corporation, and Sigmund D. Kurz, Defendants.

Civ. No. 11053–M.

United States District Court
S. D. Florida,
Miami Division.
May 16, 1962.

**344**

Beverley R. Worrell, U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

Feibelman, Friedman, Hyman & Durant, Fort Lauderdale, Fla., for defendants.

DYER, District Judge.

THIS CAUSE came on to be heard before the Court without a jury on the 9th day of April, 1962, in Miami, Florida, and the Court having heard the testimony of witnesses and the argument of counsel and having considered briefs filed by counsel and being otherwise sufficiently advised in the premises, hereby makes the following Findings of Fact and Conclusions of Law.

## I.

### FINDINGS OF FACT

1. This is an action brought by the Secretary of Labor, United States Department of Labor, seeking an order from this Court enjoining the defendants, Saf-T-Clean, Inc., a corporation, and Sigmund D. Kurz, from violating the minimum wage, overtime and record-keeping requirements (Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C.A. § 201 et seq.), hereinafter referred to as the Act.

2. The following facts were stipulated by the parties in pre-trial stipulations and by oral stipulation made in open Court during the progress of the trial:

(a) Defendant Saf-T-Clean, Inc., is now, and at all times pertinent to this action was, a corporation organized and existing by virtue of the laws of the State of Florida, having its principal place of business at 523 South 21st Avenue, Hollywood, Broward County, Florida, within the jurisdiction of this Court and all times pertinent was engaged in the business of supplying janitorial, maintenance and cleaning services to numerous customers situated in and around Fort Lauderdale, Hollywood and Miami, Florida. Sigmund D. Kurz is President of said corporation and is active in its management in relation to its employees.

(b) That many of the customers being regularly served by employees of the defendants are engaged at the premises so serviced in commerce or in the pro-

duction of goods for commerce, or both, within the meaning of the Act.

(c) That during the period as charged by the complaint, the defendants have failed to pay many of their employees who were engaged in commerce or in the production of goods for commerce, or both, in conformity with the minimum wage and overtime requirements of the Act.

(d) That the records maintained by the defendants to reflect the time worked by their employees did not accurately and adequately show the time so worked by their employees.

3. While the services of defendants are available to the consuming public-at-large and are utilized by a variety of individuals, firms and corporations such as private home owners, doctors, lawyers and accountants, and, further, defendants solicited customers by means of personal contact, direct mail advertising and telephone solicitations, it is clear that defendants predominately serviced business and commercial establishments rather than private home owners.

4. A business organization such as that of defendants is not recognized in the industry as a retail establishment.

## II.
## CONCLUSIONS OF LAW

1. The Court has jurisdiction of subject matter and of the parties in this cause.

2. Saf-T-Clean, Inc. and Sigmund D. Kurz is each an "employer" within the meaning of the Act.

3. The employees of defendants, throughout the period as charged by the Complaint, were engaged in commerce or in the production of goods for commerce within the meaning of the Act.

4. During the period pertinent to this case, defendants have violated the provisions of Section 6 and 15(a)(2) of the Act by paying some of their employees for their employment in commerce and in the production of goods for commerce less than the applicable minimum rate of one dollar ($1.00) an hour

prior to September 3, 1961, and less than one dollar and fifteen cents ($1.15) thereafter.

5. During the pertinent period, defendants have violated the provisions of Sections 7 and 15(a)(2) of the Act by employing some of their employees in commerce and in the production of goods for commerce for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week at rates not less than one and one-half times the regular rates at which they were employed.

6. During the period pertinent to this cause, defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to record adequately and accurately the hours worked each workday and each workweek by their employees.

7. Defendants are not exempt from Sections 6 and 7 of the Act by reason of Section 13(a)(2) thereof for the reason that the business of defendants is outside a *bona fide* retail concept.

8. By concluding that defendants' business is outside any *bona fide* concept of a retail or service establishment, the Court has found it unnecessary to reach a conclusion as to which sales of services by defendants are recognized in the industry as retail. The Statute defines an exempt retail or service establishment as follows:

"A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry."

Clearly, the evidence in this case would not support a conclusion that at least 75% of the annual dollar volume of sales of services by defendants "is recognized as retail sales or services in the particular industry".

9. Under all circumstances of this case, it is the Court's conclusion that an injunction against defendants is warranted and justified. Therefore, plain-

346

tiff's prayer for injunctive relief is granted.

An order in accordance with these Findings of Fact and Conclusions of Law will be entered accordingly.