Kevin KING, by his mother and legal guardian, Shirley King, and Kenneth Tucker, by his next friend and attorney, Charles Schinitsky, Esq., on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Hugh CAREY, Individually and as Governor of the State of New York, et al., Defendants.

Civ–75–14.

United States District Court,
W. D. New York.

Dec. 11, 1975.

------

Charles Schinitsky, The Legal Aid Society, Brooklyn, N. Y. (Gene B. Mechanic, and Michael J. Dale, Brooklyn, N. Y., of counsel), for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., of the State of New York (Joseph T. Hopkins, and Thomas Mead Santoro, Albany, N. Y., of counsel), for defendants.

CURTIN, Chief Judge.

Plaintiffs, seeking to represent a class of minors who have been civilly committed to two camps of the New York State Division for Yourth because they were adjudicated juvenile delinquents [N.Y. Family Court Act § 731], or persons in need of supervision [N.Y. Family Court Act § 732], allege that their constitutional right to be free from involuntary servitude and various sections of the Fair Labor Standards Act [29 U.S.C. § 201 et seq.] have been violated by the actions of various state officials. Plaintiffs request declaratory relief under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, injunctive relief pursuant to 42 U.S.C. § 1983 and Rule 65 of the Federal Rules of Civil Procedure, and damages under 29 U.S.C. § 201 et seq. Presently pending before the court are defendants' motion to dismiss and plaintiffs' motion to be allowed to proceed as a class.

■ The defendants move to dismiss both causes of action arguing that state officials are immune from suit under the eleventh amendment's bar prohibiting suits against government officials by individuals. The Supreme Court has ruled that the eleventh amendment does not prevent the federal courts from providing "prospective injunctive relief" in § 1983 actions against state officials. *Edelman v. Jordan,* 415 U.S. 651, 677, 94 S.Ct. 1347, 1362, 39 L. Ed.2d 662 (1974). The general rule is that the relief granted in such an action "may not include a retroactive award which requires the payment of funds from the state treasury, *Ford Motor Co. v. Department of Treasury* [323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945)]." *Edelman, supra.* However, eight Justices have ruled that the eleventh amendment does not bar claims when plaintiffs "allege facts that demonstrate they are seeking to impose individual and personal liability on the *named defendants* for what they claim—but have not yet established by proof—was a deprivation of federal rights by these defendants under color of state law." *Scheuer v. Rhodes,* 416 U.S. 232, 238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974); *see Myers v. Anderson,* 238 U.S. 368, 35 S.Ct. 932, 59 L.Ed. 1349 (1915). What emerges is a qualified immunity for individuals acting "under color of state law" with cost or damages possible in some instances. *See Class v. Norton,* 505 F.2d 123, 127–28 (2d Cir. 1974); *Scheuer, supra,* 416 U.S. at 247–48, 94 S.Ct. 1683. None of the plaintiffs' claims is barred by the eleventh amendment since even recovery of damages may be possible if abuse or malice is proven.[1] This court has jurisdiction over the subject matter and over the persons. *Jobson v. Henne,* 355 F.2d 129 (2d Cir. 1966).

■ The defendants next contend that the claim under 42 U.S.C. § 1983 should be dismissed because no constitutional rights of the plaintiffs have been violated. The thirteenth amendment's

------

1. In addition, the Congress recently amended the jurisdictional section of the Fair Labor Standards Act to permit an "action to recover such liability . . . against any employer (including a public agency) in any Federal or State court . . . ." [29 U.S. C. § 216(b) (1974)], seemingly eliminating the barrier that had prevented recovery of back wages in *Employees of Department of Public Health and Welfare of Missouri v. Department of Public Health and Welfare of Missouri,* 411 U.S. 279, 93 S.Ct. 1614, 36 L. Ed.2d 251 (1973).

prohibition against involuntary servitude does not apply to persons convicted of a crime. The plaintiffs have not been convicted of crimes but, as the defendants concede, have been civilly committed. The defendants cite the state's interest for control and education of the children as a basis for extending the prisoner exception and preventing the thirteenth amendment from applying to the instant case. However, there are serious allegations of having children at times work up to twelve hours a day. Those civilly committed to mental institutions are protected by the thirteenth amendment. *Wyatt v. Stickney*, 344 F. Supp. 373, 381 (N.D.Ala.1972), *aff'd sub nom. Wyatt v. Aderhalt*, 503 F.2d 1305 (5th Cir. 1974). While those civilly committed may be utilized by institutions in programs with "both therapeutic and cost saving purposes" without violating the thirteenth amendment, some programs may be excessive, unrelated to therapeutic programs or inmates' personal needs, and result in violations of the thirteenth amendment. *Jobson v. Henne, supra*, at 132 and n. 3.

█ Finally, the defendants contend that committed juveniles are not covered by the provisions of the Fair Labor Standards Act. A clear reading of that statute will not support that contention. 29 U.S.C. §§ 203(d), (e), (g) and (x). That Act has also been held to be applicable to civilly committed patient-workers at mental institutions. *Souder v. Brennan*, 367 F.Supp. 808 (D.D.C.1973); *Weidenfeller v. Kidulis*, 380 F.Supp. 445 (E.D.Wis.1974); *Wyatt v. Stickney, supra*.

█ The plaintiffs seek permission to proceed as a class. The defendants' main objection to the class treatment is that the class is not so numerous as to make joinder impractical. Rule 23(a)(1), Fed.R.Civ.P. The plaintiffs allege that the class they seek to represent numbers about eighty members. There is no specific number required by the Rules and a class of thirty-eight members has been permitted by

this court. *United States ex rel. Walker v. Mancusi*, 338 F.Supp. 311, 315–16 (W.D.N.Y.1971), *aff'd* 467 F.2d 51 (2d Cir. 1972). The class is so numerous as to make joinder impractical. There are common questions of law and fact, whether the acts of the defendants violate the thirteenth amendment and the Fair Labor Standards Act. The claims of the plaintiffs, as representative parties, are typical of the claims of the class. The plaintiffs are represented by The Legal Aid Society of New York City and, therefore, the representative parties will adequately and fairly protect the interests of the class. Finally, the parties opposing the class have acted on grounds generally applicable to the class making the declaratory and injunctive relief the plaintiffs seek appropriate. Therefore, this class action, based on the § 1983 claim of involuntary servitude, is properly maintainable as a Rule 23(b)(2) suit.

█ However, the cause of action based on the Fair Labor Standards Act presents a difficult problem. The plaintiffs admit that only the Secretary of Labor can seek an injunction under this statute. In addition, since the statute of limitations continues to run for those employees who have not given their consent to being plaintiffs in a suit, the action for damages based on violations of the Fair Labor Standards Act is not appropriate for class action treatment. *Brown v. Dunbar and Sullivan Dredging Co.*, 189 F.2d 871 (2d Cir. 1951); *Drablin v. Gibbs & Hill*, 74 F. Supp. 758 (S.D.N.Y.1947); *see, Sims v. Parke Davis*, 334 F.Supp. 774 (E.D. Mich.1971), *cert. denied*, 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972). The part of the complaint that seeks a declaratory judgment based on the Fair Labor Standards Act violations is maintainable as a class action. *Souder ·v. Brennan, supra*.

█ The defendants also argue that since one of the plaintiffs is confined to a camp outside of the Western District (Cass Youth Camp, Rensselaer-

ville, New York), venue is improper as to that juvenile. But, since the plaintiffs allege that the policies complained of are not mandated by state law, rather they are authorized and the Director of the Division for Youth has chosen to institute them in only two of the many camps, the Director is a proper defendant. The Director of the Division for Youth has offices in Albany, New York. Venue in this court is proper under 28 U.S.C. § 1392(a). The claims of at least some of the plaintiffs arose in this district; there is venue for both plaintiffs and their classes. *Mothers and Childrens Rights Organization v. Stanton*, 371 F.Supp. 298, 301 (N.D.Ind. 1973); 1 Moore's Federal Practice, ¶ 0.-143[1], at 1452 (1974). The acts of the Director, it is alleged, have resulted in the violation of the rights of minors in both the Northern District and the Western District; the class properly includes minors adjudicated juvenile delinquents or persons in need of supervision in both camps who are required to participate in programs similar to those in which Kevin King and Kenneth Tucker, the representatives of the class, are engaged.

The motions to dismiss are denied and the plaintiffs may proceed as a class with the limitations outlined above.

So ordered.