Elizabeth Anne MARCHAK

v.

OBSERVER PUBLICATIONS, INC. and Dorothy Burgess, Individually and as President of the corporate defendant.

Civ. A. No. 79–0309.

United States District Court, D. Rhode Island.

Jan. 21, 1980.

Martin Aisenberg, Providence, R. I., James G. Sheehan, Philadelphia, Pa., for plaintiff.

Richard L. Patz, Providence, R. I., for defendants.

## MEMORANDUM AND ORDER

PETTINE, Chief Judge.

Plaintiff Elizabeth Marchak brings this action for damages and injunctive relief pursuant to various provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* She alleges jurisdiction under section 217 of the statute. The case is now before the Court on defendants' motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction.

*Statement of Facts*

Plaintiff was employed as a member of the editorial staff of the *Lincoln-Cumberland Observer* from July 6, 1976 to December, 1977. The *Observer* is published by defendant Observer Publications, Inc., of which defendant Dorothy Burgess is president.

Plaintiff alleges that during the course of her employment she performed, at defendants' request, approximately 400 hours of work in excess of 40 hours per week, without compensation, in violation of 29 U.S.C. § 206, § 207. Plaintiff also avers that defendants have repeatedly failed to comply with both the record keeping requirements of sections 211(c) and 215(a)(5) and the notice posting requirements of 29 CFR Part 516. Based on these alleged violations of the FLSA, Marchak prays the Court issue an injunction permanently enjoining and restraining the violations, and award her damages as follows: $1250 in unpaid wages based on § 206 (plus an equal amount in liquidated damages as provided by § 216); and $1900 for unpaid overtime compensation pursuant to § 207 (plus an equal amount in liquidated damages).

In addition to the federal claim, the plaintiff alleges that the defendants' actions constitute a violation of certain parallel provisions of the Rhode Island statutes, R.I.G.L. 28–12–3, –4.1, –11, –12. She seeks $1250 for unpaid minimum wages and $1900 for unpaid overtime compensation under the state statute.

The defendants' motion to dismiss has five facets: (1) section 17 of the FLSA, upon which the plaintiff bases federal jurisdiction, is unavailable to private parties; (2) the FLSA allows no private right of action to enforce the record keeping or notice posting requirements; (3) the defendant, Observer Publications, Inc. is not an "enterprise" within the meaning of the statute; (4) defendant Burgess is improperly named as a defendant; and (5) the Court has no jurisdiction over the state claims. Each of these arguments will be addressed in turn.

### I *Section 17 of the FLSA*

■ Section 17 of the Fair Labor Standards Act, 29 U.S.C. § 217, gives the federal district courts jurisdiction to restrain violations of the Act. Despite the Act's broad language, courts are in unanimous agreement that the Secretary of Labor is vested with exclusive authority for filing a suit under section 217 to restrain FLSA violations. *See, e. g., Bowe v. Judson V. Burns, Inc.,* 137 F.2d 37, 39 (3rd Cir. 1943); *Billiot v. Toups Marine Transport, Inc.,* 465 F.Supp. 1265, 1267 (E.D.La.1979); *King v. Carey,* 405 F.Supp. 41, 44 (W.D.N.Y.1975); *E.E.O.C. v. American Telephone & Telegraph Co.,* 365 F.Supp. 1105, 1121 (E.D.Pa. 1973). An employee's remedy is limited to an action under section 216(b) to recover back wages and liquidated damages. *See Bowe, supra,* at 39.

In *Wirtz v. Jones*, 340 F.2d 901 (5th Cir. 1965), the Fifth Circuit clearly stated the rationale for this dichotomy:

> The history and purpose of the Fair Labor Standards Act and of § [2]17, both in its wording and relationship to the other sections of the Act, make it abundantly clear that § [2]17 was designed and enacted as a necessary measure to assure the effective and uniform compliance with and adherence to a public policy, relating to wage standards for labor, adopted in the national interest.
>
> . . . . .
>
> [T]he purpose of the injunction to restrain the withholding of wages due is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest. It is true that as a result, money may pass from the employer to the employee . . . but that enforced payment . . . is simply part of a reasonable and effective means which Congress, after trial and error, found it necessary to adopt to bring about general compliance with § [2]5(a)(2).

*Id.* at 903–05.

In view of the foregoing, I must grant the defendants' motion to dismiss insofar as the plaintiff seeks injunctive relief under § 217.

■ The fact that the plaintiff has alleged jurisdiction exclusively under § 217 is not sufficient to dismiss the entire case. Under the liberal policy of the Federal Rules of Civil Procedure, a complaint should not be dismissed merely because plaintiff's allegations do not support the legal theory on which he or she intends to proceed. Rather, the court is under a duty to determine if the allegations provide for relief on any possible theory. 5 Wright & Miller § 1357; *see, e. g., Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967) (when plaintiff failed to rely on the proper section of the Civil Rights Act, the court examined the complaint in light of the proper section).

■ Since the Court finds that section 216(b) of the statute gives the plaintiff a private right of action for unpaid wages and overtime compensation as well as liqui-

dated damages, the defendants' motion to dismiss is denied insofar as the claim for damages is concerned.

## II Private Right of Action

■ The defendants' second argument is that the private right of action under § 216(b) is extremely limited in its scope and that it does not encompass the failure to keep records, 29 U.S.C. § 211(c), § 215(a)(5), or the failure to post notices, 29 CFR Part 516. The Court agrees. The language of § 216(b) clearly limits private actions to recovery of unpaid minimum wages, unpaid overtime compensation, and violations of § 215(a)(3). Accordingly, that part of the plaintiff's action that stems from the failure to keep records and post notices is hereby dismissed.

## III Is Observer Publications an "Enterprise"?

The minimum wage and maximum hours protections of sections 206 and 207 are only available to employees "engaged in commerce or in the production of goods for commerce, or . . . employed in an enterprise engaged in commerce or in the production of goods for commerce." 26 U.S.C. § 206, § 207. Plaintiff alleges that Observer Publications is an "enterprise engaged in commerce or in the production of goods for commerce." Among the statutory requirements necessary to qualify as such an enterprise is that the annual gross volume of sales made or business done by the enterprise be no less than $250,000. 29 U.S.C. § 203(s). Plaintiff makes such an allegation in her complaint.

Supported by the affidavit of Dorothy Burgess, the defendants claim that during the years in issue Observer Publications' gross volume of sales was less than $250,000 per year. In view of this assertion, the defendants contend that the minimum wage and maximum hours provisions of the Act do not apply to the corporation and therefore the complaint not only fails to state a proper claim, but the Court lacks subject matter jurisdiction.

■ As far as the alleged failure to state a claim is concerned, the Court finds,

on the basis of the pleadings, that the plaintiff has stated a claim against the defendants. In making this determination, the Court declines to consider Burgess' affidavit and convert the defendants' motion into a Rule 56 motion for summary judgment. As is generally recognized, the Court has complete discretion not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion. *See* 5 Wright & Miller § 1366. In the instant case, I find that the affidavit is inconclusive on the question of annual gross volume of business, and that continued discovery will serve to clarify this issue.

 Turning to the issue of subject matter jurisdiction, even if it were to be found that Observer Publications is not an "enterprise" within the meaning of the statute, this would not affect the Court's subject matter jurisdiction. As the Supreme Court stated in *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), jurisdiction is not defeated by the possibility that the averments in the complaint might fail to state a cause of action on which the petitioners could actually recover. "(I)t is well settled that the failure to state a proper cause of action calls for judgment on the merits and not for a dismissal for want of jurisdiction." *Id.* at 682, 66 S.Ct. at 776.

## IV Is Burgess a Proper Defendant?

 Claiming that the purpose of the FLSA is to regulate industry, *see* 29 U.S.C. § 202, and pointing out for the Court's edification that Dorothy Burgess is herself not an industry, the defendants argue that the president of Observer Publications is not covered by the Act. Without commenting on the logic of this argument, the Court simply points out that officers of corporations are routinely held to be "employers" within the meaning of the FLSA and thus proper parties in actions for unpaid wages and overtime compensation. *See, e. g., Marshall v. Sam Dell's Dodge Corp.*, 451 F.Supp. 294, 296 (N.D.N.Y.1978); *Shultz v. Clay Transfer Co.*, 50 F.R.D. 480, 481 (E.D. N.C.1970); *Goldberg v. Saf-T-Clean, Inc.*, 209 F.Supp. 343, 345 (S.D.Fla.1962).

## V Jurisdiction Over the State Claim

 Defendants' final argument is directed to the Court's jurisdiction to hear the state claims asserted by the plaintiff. The defendants contend that "such a jurisdictional claim is not cognizable by any section of the Act or by any other statute conferring federal jurisdiction." The fact that the claim is not cognizable under the Act or any other federal statute is of course irrelevant. The Supreme Court has clearly held that if a federal court has jurisdiction because of a substantial federal claim, it has the power to hear pendent claims that "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Where, as here, the state claim so closely parallels the federal claim, a common nucleus of operative fact clearly exists.

## VI Conclusion

The defendants' motion to dismiss is granted insofar as the plaintiff seeks injunctive relief under 29 U.S.C. § 217, and insofar as the plaintiff's action stems from the failure to maintain records and post notices. In all other respects, defendants' motion is denied.

So Ordered.