**James A. RHINEBARGER, et al.**

v.

**Robert D. ORR, Governor, State of Indiana, et al.**

No. IP 85–1497–C.

United States District Court, S.D. Indiana, Indianapolis Division.

April 7, 1987.

B. Keith Shake of Henderson, Daily, Withrow & DeVoe, Indianapolis, Ind., for plaintiffs.

David Michael Wallman, Deputy Atty. Gen., State of Ind., Indianapolis, Ind., for defendants.

STECKLER, District Judge.

This matter is before the Court upon cross motions for summary judgment pursuant to Fed.R.Civ.P. 56. This rule states, in part, that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). The Court, having examined the motions, the memorandums of law and the supporting affidavits, now finds that there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Therefore the Court must grant the defendants' motion for summary judgment and deny the plaintiffs' motion for partial summary judgment. The Court now enters

the following findings of fact and conclusions of law.

### Findings of Fact

1. The plaintiffs are employees of the Indiana State Police Department and the State of Indiana.

2. The Fair Labor Standards Act ("FLSA") states that employers may not employ certain employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half (1½) times the regular rate at which he is employed." 29 U.S.C. § 207.

3. The Fair Labor Standards Amendments of 1985 ("Amendments") provide that no state or political subdivision of a state shall be liable under the FLSA for minimum pay or overtime violations occurring before April 15, 1986. Pub.L. No. 99–150, *reprinted in* 1985 U.S.Code Cong. & Ad.News, 99 Stat. 787.

4. Prior to April 15, 1986, members of the plaintiff class were employed for workweeks longer than forty hours. However, these members of the plaintiff class did not receive overtime compensation at the rate of one and one-half (1½) times their regular pay for the excess hours they worked.

### Conclusions of Law

Based on the foregoing findings of fact, the Court now makes the following conclusions of law.

1. The plaintiffs' action is barred by the 1985 Amendments to the FLSA. On February 19, 1985, the Supreme Court decided *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). In *Garcia,* the Court overruled *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465,

49 L.Ed.2d 245 (1976), and held that the minimum pay and overtime provisions of the FLSA apply to the states, even when they act "in areas of traditional governmental functions," such as police work. Shortly after the *Garcia* decision Congress passed the 1985 Amendments to the FLSA which "deferred application of the overtime provisions until exactly one year after the mandate in *Garcia* so that state and local governments [could] make necessary adjustments in their work practices, staffing patterns and fiscal priorities." *S.Rep. No.* 99–159 at 15 *reprinted in* 1985 U.S.Code Cong. & Ad.News 651, 663.

2. The 1985 Amendments to the FLSA apply retroactively to relieve the state from liability for unpaid overtime occurring before the Amendments became effective and after the *Garcia* decision. *See Kartevold v. Spokane County Fire Protection District,* 625 F.Supp. 1553, 1559–63 (E.D.Wash.1986); *Wong v. City of New York, Human Resources Administration,* 641 F.Supp. 588, 591 n. 2 (S.D.N.Y.1986).

3. The 1985 Amendments to the FLSA are not unconstitutional.[1] The Amendments do not deprive the plaintiffs of a property interest without due process of law. The plaintiffs did not gain a vested property interest in overtime benefits after the *Garcia* decision and before the Amendments became effective. A property interest in a statutory benefit has been limited to cases where individuals had enjoyed benefits under the statute. *See O'Quinn v. Chambers County, Texas,* 636 F.Supp. 1388, 1390 (S.D.Tex.1986). Prior to *Garcia* the plaintiffs worked outside of the FSLA's requirements without any contractual or statutory right to overtime. *Garcia* may have created hopes that the plaintiffs

---

1. Because the Court finds the Amendments constitutional it has not certified to the Attorney General of the United States the fact that the plaintiffs have challenged the constitutionality of the Amendments. Fed.R.Civ.P. 24(c) and 28 U.S.C. § 2403(a) require notice to the Attorney General and an opportunity to intervene when the constitutionality of an act of Congress affecting the public interest is questioned. However, a failure to give the notice does not de-

prive the Court of jurisdiction to decide the case. *See* 7C C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 1915 (1986). The Court holds that it meets the requirements of Rule 24(c) and § 2403(a) by certifying a copy of this order to the Attorney General and by entertaining his motion for rehearing if he believes that intervention is required. *See O'Quinn v. Chambers County, Texas,* 636 F.Supp. 1388, 1390 n. 1 (S.D.Tex.1986).

would receive overtime, but it did not create any vested property interests.

Even if the plaintiffs did have a property interest in overtime benefits after the decision in *Garcia*, Congress acted rationally when enacting the Amendments, thereby giving the plaintiffs all the process that they were due. *Id.* at 1390. Congress, in deferring the application of the overtime provisions until April 15, 1986, acted to protect the fiscal integrity of the states and their political subdivisions. This is a rational and legitimate purpose.

4. There is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law.

Accordingly, by reason of all of the foregoing, the Court hereby

GRANTS the defendants' motion for summary judgment and

DENIES the plaintiffs' motion for partial summary judgment.

IT IS SO ORDERED.