RICE ET AL., APPELLANTS, *v.* CITY OF CLEVELAND ET AL., APPELLEES.

(No. 53428—Decided March 7, 1988.)

*Summers, Fox, Dixon & McGinty, William L. Summers* and *Norman A. Fox, Jr.,* for appellants.

*Peter N. Kirsanow,* for appellees.

DYKE, J. In 1986, the plaintiffs-appellants, Richard J. Rice, Frank Leciejewski, and Greg Marhavka, were fire fighters employed by the city of Cleveland. On May 9, 1986, the appellants filed suit in common pleas court against the defendants-appellees, the city of Cleveland, Mayor George V. Voinovich, Director of Personnel James Conrad, Director of Port Control Jacqueline Shuck, and the Civil Service Commission of the city of Cleveland. In their complaint, the appellants alleged that the appellees had not paid the appellants overtime pay for the two-year period immediately preceding the filing of their complaint in violation of Section 207, Title 29, U.S. Code, and that the appellees had not kept adequate employment records during this period of time in violation of Sections 211(c) and 215(a)(5), Title 29, U.S. Code.

On July 2, 1986, the appellees filed a motion to dismiss the appellants' complaint. On January 20, 1987, the trial court granted the appellees' motion.

The appellants now appeal the dismissal of their case and assign one error to the trial court. This assignment of error is:

"Whether the lower court erred in dismissing the plaintiffs' complaint pursuant to Ohio Rules of Civil Procedure 12(B)(2) and (6)."

In their motion to dismiss, the appellees argued that the appellants' complaint failed to state a claim upon which relief could be granted, and that the court lacked jurisdiction over the appellees. Appellants argue under this assignment of error that the trial court erred in dismissing their case for these reasons.

The first count of the appellants' complaint alleged that the appellees had failed to pay to the appellants overtime pay for the two-year period immediately preceding the filing of the appellants' lawsuit. Section 207(a)(1), Title 29, U.S. Code provides in part:

"Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

In 1974, the Fair Labor Standards Act was amended so that the above-illustrated overtime provision would be applicable to the states and their political subdivisions. See Sections 203(d), (s)(5) (now [s][6]) and (x), Title 29, U.S. Code (Pub. L. 93-259, 88 Stat. 55, 58-60).

In *National League of Cities* v. *Usery* (1976), 426 U.S. 833, the United States Supreme Court held that Congress did not have the power under the Commerce Clause of the United States Constitution (Section 8, Article I) to regulate the states in their exercise of traditional governmental functions. The court, therefore, held that the minimum wage and overtime provisions of the Fair Labor Standards Act could not be applied to the states in the areas of traditional governmental functions such as fire protection, police protection, public health, and parks and recreation.

Almost nine years later in *Garcia* v. *San Antonio Metropolitan Transit Auth.* (1985), 469 U.S. 528, the court overruled its decision in *National League of Cities, supra*. The court held that the application of the Fair Labor Standards Act to state employees did not offend the concept of federalism, and, therefore, that the minimum wage and overtime provisions of the Act were applicable to the states.

After *Garcia, supra,* was issued, Congress passed the Fair Labor Standards Amendments of 1985, Pub. L. 99-150, 99 Stat. 787. Section 2(c)(1) of this Act provides:

"No State, political subdivision of a State, or interstate governmental agency shall be liable under section 16 of the Fair Labor Standards Act of 1938 for a violation of section 6 (in the case of a territory or possession of the United States), 7, or 11(c) (as it relates to section 7) of such Act occurring before April 15, 1986, with respect to any employee of the State, political subdivision, or agency who would not have been covered by such Act under the Secretary of Labor's special enforcement policy on January 1, 1985, and published in sections 775.2 and 775.4 of title 29 of the Code of Federal Regulations." (99 Stat. 787, 788-789.)

Pursuant to the above, if an employee was not covered by the Secretary of Labor's special enforcement policy as found in Sections 775.2 and 775.4, Title 29, Code of Federal Regulations, then that employee cannot recover damages for violations of the Fair Labor Standards Act which occurred prior to April 15, 1986.

Section 775.4(a), Title 29, Code of Federal Regulations provides:

"In the *National League* decision, it was made clear that schools and hospitals, fire prevention, police protection, sanitation, public health, and parks and recreation are traditional functions or activities of States and their political subdivisions."

Section 775.2, Title 29, Code of Federal Regulations provides in part:

"(a)  On June 24, 1976, the United States Supreme Court ruled in *National League of Cities, et al.* v. *Usery,* 426 U.S. 833, that the minimum wage and overtime compensation provisions of the Fair Labor Standards Act (FLSA) are not constitutionally applicable to the integral operations of the States and their political subdivi-

sions in areas of traditional governmental functions. Such areas include, among others, schools and hospitals, fire prevention, police protection, sanitation, public health, and parks and recreation. * * *

"(b) In view of the *National League* decision, the Secretary will not file suit to enforce the minimum wage and overtime compensation provisions of the FLSA against a State or its political subdivisions unless at least 30 days notice has first been given that, in the opinion of the Administrator, the activities in question are not integral operations in areas of traditional governmental functions.* * *"

As these federal regulations make clear, prior to *Garcia, supra,* the Secretary of Labor did not apply the overtime provisions of the Fair Labor Standards Act to fire protection employees of the states or their political subdivisions. Therefore, the appellants were not covered by the Secretary of Labor's special enforcement policy, and under Section 2(c)(1) of the 1985 Amendments to the Fair Labor Standards Act, the appellees cannot be held liable for alleged violations of the Act which occurred prior to April 15, 1986. Accord *Rhinebarger* v. *Orr* (S.D. Ind. 1987), 657 F. Supp. 1113; *O'Quinn* v. *Chambers County, Texas* (S.D. Tex. 1986), 636 F. Supp. 1388; *Kartevold* v. *Spokane Cty. Fire Protection Dist.* (E.D. Wash. 1986), 625 F. Supp. 1553; *Wong* v. *City of New York, Human Resources Admin.* (S.D. N.Y. 1986), 641 F. Supp. 588.

This conclusion, however, does not end our analysis. In *O'Brien* v. *Univ. Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus, the Ohio Supreme Court held:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the

plaintiff can prove no set of facts entitling him to recovery. (*Conley* v. *Gibson,* 355 U.S. 41, followed.)"

Since the appellants filed their complaint on May 9, 1986, they could have recovered damages for violations of Section 207, Title 29, U.S. Code, which occurred between April 15, 1986 and May 9, 1986. Accordingly, the appellants possibly could have proven a set of facts which would have entitled them to relief. Therefore, the trial court erred when it dismissed the first count of the appellants' complaint for failure to state a claim upon which relief could be granted.

The appellants' second cause of action alleged that the appellees had not kept adequate employment records in violation of Sections 211(c) and 215(a)(5), Title 29, U.S. Code.

Section 211(c), Title 29, U.S. Code provides:

"Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder. The employer of an employee who performs substitute work described in section 207(p)(3) of this title may not be required under this subsection to keep a record of the hours of the substitute work."

Section 215(a)(5), Title 29, U.S. Code provides:

"(a) After the expiration of one hundred and twenty days from June 25, 1938, it shall be unlawful for any person —

"* * *

"(5) To violate any of the provisions of section 211(c) of this title, or any regulation or order made or continued in effect under the provisions of section 211(d) of this title, or to make any statement, report, or record filed or kept pursuant to the provisions of such section or of any regulation or order thereunder, knowing such statement, report, or record to be false in a material respect."

The problem with the appellants' cause of action based on the above Code sections is that it is not provided for in Title 29 of the United States Code. Section 216(b), Title 29, U.S. Code lists the civil actions that individuals may bring under Title 29. This statute provides in pertinent part:

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court

114

in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. * * *"

The above code section contains no remedy for an individual whose employer has not complied with Section 211(c) or 215(a)(5), Title 29, U.S. Code. Consequently, no such cause of action exists under United States law. Accord *Marchak* v. *Observer Publications, Inc.* (D. R.I. 1980), 493 F. Supp. 278; *O'Quinn* v. *Chambers County, Texas, supra.* Therefore, the appellants could have proven no set of facts upon which they could have recovered under the second count of their complaint, and the trial court correctly dismissed this cause of action because it failed to state a claim upon which relief could have been granted.

Finally, the appellants argue that the trial court erred in dismissing their complaint for lack of personal jurisdiction. The record reflects that the appellees consisted of a political subdivision of the state of Ohio, its executive officers, and its civil service commission. Service of process was perfected on all of the appellees. Because of these facts, the trial court had personal jurisdiction over the appellees, and, therefore, it erred in dismissing the appellants' complaint on this ground. Appellants' argument is well-taken.

The judgment of the trial court is affirmed in part and reversed in part, and this matter is remanded to the trial court for proceedings consistent with this opinion.

*Judgment affirmed in part, reversed in part, and cause remanded.*

NAHRA, C.J., and PATTON, J., concur.